UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICIA THOMPSON, on behalf of herself and all others similarly situated,<br><br>                            Plaintiff,<br>- against -<br><br>REAL ESTATE MORTGAGE NETWORK, INC., REAL ESTATE MORTGAGE NETWORK HOLDING, LLC, SECURITY ATLANTIC MORTGAGE COMPANY, INC. PETER NORDEN, an Individual, NOEL CHAPMAN, an Individual and SAMUEL LAMPARELLO, an Individual,<br><br>                            Defendants. | Civil Action No.<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff Patricia Thompson ("plaintiff") individually and on behalf of all others similarly situated, through their undersigned attorneys, for their Class and Collective Action Complaint against defendants Real Estate Mortgage Network, Inc., Real Estate Mortgage Network Holding, LLC, Security Atlantic Mortgage Company, Inc., Peter Norden, Noel Chapman and Samuel Lamparello (collectively the "defendants") allege as follows:

**NATURE OF ACTION**

1. This class action arises out of defendants' pervasive and repeated disregard of federal and New Jersey state labor laws during the course of plaintiff's employment as an underwriter for the defendants. Plaintiff brings this action pursuant to the federal Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201, *et seq.*, and the New Jersey State Wage and Hour Law, N.J.S.A. §34:11-56a, *et seq.* (the "NJWHL"), for defendants' misclassification of underwriters and closers and failure to pay them all

1

wages due. Plaintiff seeks damages on her own behalf and on behalf of all others in the preceding similarly situated job classifications.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and the FLSA, 29 U.S.C. § 216(b). Plaintiff's state law claims are interposed in accordance with the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1), as the defendant Real Estate Mortgage Network, Inc. has corporate headquarters in this district in Bergen County, New Jersey where a substantial portion of the events giving rise to this action occurred, and defendant Peter Norden resides in Bergen County, New Jersey.

4. The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202.

## THE PARTIES

5. Plaintiff Patricia Thompson is a resident of New Jersey. She was employed by the defendants in New Jersey as an underwriter from June 8, 2009 to August 5, 2010.

6. At all relevant times, plaintiff and those similarly situated have been employees of defendants within the meaning of the FLSA, 29 U.S.C. §203 (e)(1).

7. At all relevant times, plaintiff and those similarly situated have been employees of defendants within the meaning of the NJWHL, 34:11-56a1(h).

8. Plaintiff has consented to be a party to the FLSA claims in the action pursuant to 29 U.S.C. §216(b). Her written consent is attached.

2

9. Defendant Real Estate Mortgage Network, Inc. ("REMN"), a New Jersey corporation, is a nationwide direct mortgage lender headquartered at 70 Grand Ave., River Edge, New Jersey, 07661, in the County of Bergen.

10. Defendant REMN has been at all relevant times, an employer and/or joint employer engaged in interstate commerce and/or the production of goods for commerce with a gross revenue in excess of $500,000, within the meaning of the FLSA, 29 U.S.C. §203(a), (d) and (s)(1)(A).

11. Defendant REMN has been at all relevant times, an employer and/or joint employer within the meaning of the NJWHL 34:11-56a1(g).

12. Defendant Real Estate Mortgage Network Holding, LLC ("REMN Holding"), a New Jersey corporation, is a nationwide direct mortgage lender, and is a holding company and parent company of REMN, headquartered at 70 Grand Avenue, River Edge, New Jersey, 07661 in the County of Bergen.

13. Defendant REMN Holding has been at all relevant times, an employer and/or joint employer engaged in interstate commerce and/or the production of goods for commerce with a gross revenue in excess of $500,000, within the meaning of the FLSA, 29 U.S.C. §203(a), (d) and (s)(1)(A).

14. Defendant REMN Holding has been at all relevant times an employer within the meaning of the NJWHL 34:11-56a1(g).

15. Defendant Security Atlantic Mortgage Company, Inc. ("Security Atlantic"), a New Jersey corporation, is a nationwide direct mortgage lender headquartered at 499 Thornall Street, Edison, New Jersey, 07756.

16. Defendant Security Atlantic has been at all relevant times, an employer and/or joint employer engaged in interstate commerce and/or the production of goods for

commerce with a gross revenue in excess of $500,000, within the meaning of the FLSA, 29 U.S.C. §203(a), (d) and (s)(1)(A).

17. Defendant Security Atlantic has been at all relevant times, an employer and/or joint employer within the meaning of the NJWHL 34:11-56a1(g).

18. Defendant Norden is a resident of Bergen County, New Jersey and has been at all relevant times the Chief Executive Officer of REMN.

19. At all relevant times Norden has acted directly or indirectly in the interest of REMN, REMN Holding and Security Atlantic in relation to plaintiff and those similarly situated, and has been an employer and/or joint employer of the plaintiff and those similarly situated, within the meaning of the FLSA, 29 U.S.C. §203 (a) and (d).

20. At all relevant times, Norden has acted directly or indirectly in the interest of REMN, REMN Holding and Security Atlantic in relation to plaintiff and those similarly situated, and has been an employer and/or joint employer of the plaintiff and those similarly situated, within the meaning of the NJWHL, 34:11-56a1(g).

21. Norden is personally, jointly and severally liable for the violations of the FLSA and the NJWHL by REMN, REMN Holding and Security Atlantic.

22. Defendant Chapman is a resident of New Jersey and has been at all relevant times the co-owner and Executive Vice President of Security Atlantic.

23. At all relevant times Chapman has acted directly or indirectly in the interest of Security Atlantic, REMN and REMN Holding in relation to plaintiff and those similarly situated, and has been an employer and/or joint employer of the plaintiff and those similarly situated, within the meaning of the FLSA, 29 U.S.C. §203 (a) and (d).

24. At all relevant times, Chapman has acted directly or indirectly in the interest of Security Atlantic, REMN and REMN Holding in relation to plaintiff and those

similarly situated, and has been an employer and/or joint employer of the plaintiff and those similarly situated, within the meaning of the NJWHL, 34:11-56a1(g).

25. Chapman is personally, jointly and severally liable for the violations of the FLSA and the NJWHL by Security Atlantic, REMN and REMN Holding.

26. Defendant Lamparello is a resident of New Jersey and has been at all relevant times the co-owner and President of Security Atlantic.

27. At all relevant times Lamparello has acted directly or indirectly in the interest of REMN, REMN Holding and Security Atlantic in relation to plaintiff and those similarly situated, and has been an employer and/or joint employer of the plaintiff and those similarly situated, within the meaning of the FLSA, 29 U.S.C. §203 (a) and (d).

28. At all relevant times, Lamparello has acted directly or indirectly in the interest of REMN, REMN Holding and Security Atlantic in relation to plaintiff and those similarly situated, and has been an employer and/or joint employer of the plaintiff and those similarly situated, within the meaning of the NJWHL, 34:11-56a1(g).

29. Lamparello is personally, jointly and severally liable for the violations of the FLSA and the NJWHL by REMN, REMN Holding and Security Atlantic.

## COLLECTIVE ALLEGATIONS

30. Plaintiff brings the First Claim as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b) on behalf of herself and other similarly situated people, which shall include:

> All persons who work or worked as underwriters (including junior underwriters and quality control underwriters) and closers for the defendants Real Estate Mortgage Network, Inc., Real Estate Mortgage Network Holding, LLC, Security Atlantic Mortgage Company, Inc., Peter Norden, Noel Chapman and Samuel Lamparello in the State of New Jersey or in the State of Georgia at any time three years prior to the filing of this action through the entry of judgment in this action (the "FLSA

Collective"). Excluded from the FLSA Collective are the named defendants, any corporations, partnerships, or other entities affiliated with them and any persons who are related by blood or marriage to the named defendants.

31. Defendants are liable under the FLSA for, inter alia, failing to properly compensate plaintiff, failing to pay plaintiff overtime pay for time worked in excess of 40 hours in a workweek, and misclassifying plaintiff as exempt from the overtime wage requirements of the FLSA. There are likely over a hundred similarly situated current and former employees of the defendants in New Jersey and Georgia in the positions of underwriter and closer who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to the defendants, are readily identifiable, and can be located through defendants' records that they are required to create and maintain under applicable federal and state law. Notice should be sent to the FSLA Collective pursuant to 29 U.S.C. § 216(b).

32. Defendants' violations of the FLSA described above have been willful and therefore a three year statute of limitations applies to this matter pursuant to the FLSA, 29 U.S.C. §255(a).

## CLASS ACTION ALLEGATIONS

33. Plaintiffs bring the Second Claim as a class action pursuant to Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class, consisting of:

> All persons who work or worked as underwriters (including junior underwriters and quality control underwriters) and closers for the defendants Real Estate Mortgage Network, Inc., Real Estate Mortgage Network Holding, LLC, Security Atlantic Mortgage Company, Inc., Peter Norden, Noel Chapman and Samuel Lamparello in the State of New Jersey at any time two years prior to the filing of this action through the

entry of judgment in this action (the "New Jersey Rule 23 Class"). Excluded from the Class are the named defendants, any corporations, partnerships, or other entities affiliated with them and any persons who are related by blood or marriage to the named defendants.

34. The persons in the New Jersey Rule 23 Class are so numerous that joinder of all members is impracticable. The exact number of the New Jersey Rule 23 Class members is unknown to plaintiff at this time but there are is believed to be over a hundred such persons. The identity of the New Jersey Rule 23 Class members is known to the defendants and is contained in the employment records that the defendants are required to create and maintain as a matter of state and federal law.

35. Plaintiff's claims are typical of the claims of the other members of the New Jersey Rule 23 Class as plaintiff and all other members of the New Jersey Rule 23 Class sustained damages arising out of defendants' conduct in violation of the New Jersey State laws complained of herein. The New Jersey Rule 23 Class members work, or have worked, for the defendants in New Jersey as underwriters and closers and were improperly classified as exempt employees and not paid overtime wages by the defendants. They have sustained similar types of damages as a result of defendants' failure to comply with the NJWHL and supporting regulations of the New Jersey Department of Labor and Workplace Development contained in the New Jersey Administrative Code (NJAC).

36. Plaintiff will fairly and adequately protect the interests of the members of the New Jersey Rule 23 Class and has retained counsel competent and experienced in complex class action litigation.

37. Plaintiff has no interests that are contrary to or in conflict with those of the other members of the New Jersey Rule 23 Class.

38. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

39. Common questions of law and fact exist as to all members of the New Jersey Rule 23 Class and predominate over any questions affecting solely individual members. Among the questions of law and fact common to the New Jersey Rule 23 Class are:

   a. Whether the NJWHL and the supporting regulations were violated by defendants' acts as alleged herein;

   b. Whether defendants failed to pay overtime wages to plaintiff and other New Jersey Rule 23 Class members for time worked in excess of 40 hours in a workweek, as required by the NJWHL, N.J.S.A. 34:11-56a4 and N.J.A.C. 12:56-6.1-6.7;

   c. Whether the defendants improperly classified plaintiff and other New Jersey Rule 23 Class members as employees exempt from the overtime pay requirements of the NJWHL and the NJAC; and

   d. Whether plaintiff and the New Jersey Rule 23 Class have sustained damages and, if so, the proper measure of such damages.

40. Defendants have acted or have refused to act on grounds generally applicable to the New Jersey Rule 23 Class, thereby making appropriate relief with respect to the New Jersey Rule 23 Class as a whole.

41. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since damages suffered by individual New Jersey Rule 23 Class members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for plaintiff and New Jersey Rule 23

Class members to individually seek redress for the wrongful conduct alleged. Individual class members lack the financial resources to conduct a thorough examination of defendants' compensation practices to prosecute vigorously a lawsuit against the defendants to recover such damages. Class litigation is superior because it will obviate the need for unduly duplicative litigation.

## FACTUAL ALLEGATIONS

42. Defendants REMN, REMN Holding, Security Atlantic and the individual defendants employ and employed plaintiff and other underwriters and closers in River Edge, New Jersey, Edison, New Jersey and Kennesaw, Georgia. Defendants through their policies, practices, and supervisors directed the work activity of plaintiff and other underwriters and closers.

43. Defendants suffered and permitted plaintiff and other underwriters and closers to regularly work more than eight hours per day and more than forty hours per week without overtime compensation for all overtime hours worked. Employees are given turnaround times for assignments and employees routinely worked through lunch and at home to meet these requirements.

44. Defendants are in the business of selling mortgages and the work of underwriters and closers is and was directly related to mortgage sales. The defendants' mortgage sales business is operated in substantially the same manner as countless other mortgage companies nationwide. This straight line operation begins with salespersons who receive mortgage applications from individuals and through mortgage brokers, real estate agents, and others. The necessary documents for a credit review are collected and the file is reviewed by underwriters. The underwriter compares the contents of the application to a detailed list of criteria provided by the company and if they conform, the

loan is approved. When approved the file moves to the closers who prepare the standard paperwork and arrange for the disbursement of funds.

45. As an underwriter, plaintiff evaluated whether to issue loans to individual loan applicants by comparing the application to a detailed set of guidelines known as the credit guide which sets out criteria for loan approval.

46. As an underwriter, plaintiff's work is not related to either setting management policies or general business operations, but rather concerns the production of loans.

47. Junior underwriters perform substantially the same work as underwriters. The principal difference is that junior underwriters cannot themselves sign-off on mortgage approvals.

48. The work of a junior underwriter is not related either to setting management policies or general business operations, but rather concerns the production of loans.

49. Quality control underwriters review a sampling of mortgage application files as a double check to insure that applications being approved for mortgages by underwriters are in conformance with the defendants' credit guidelines.

50. The work of a quality control underwriter is not related either to setting management policies or general business operations, but rather concerns the production of loans.

51. Closers prepare the closing documents, arrange for the disbursement of loan funds and handle the standard procedures set by defendants required to conclude the mortgage transaction.

52. The work of a closer is not related either to setting management policies or general business operations, but rather concerns the production of loans.

53. Defendants uniformly misrepresented to plaintiff and other mortgage underwriters and closers that they were exempt, salaried employees and, therefore, ineligible to receive overtime pay.

54. However, plaintiff and other underwriters and closers are and were non-exempt employees who are and were entitled to overtime pay.

55. Because defendants did not pay plaintiff and other underwriters and closers for their overtime hours, defendants did not provide plaintiff and other underwriters and closers with all compensation owed to them.

56. Defendants' unlawful conduct has been widespread, repeated and consistent.

57. Defendants' conduct was willful and in bad faith, and has caused significant damages to plaintiff and the FLSA Collective and New Jersey Rule 23 Class.

**FIRST CLAIM FOR RELIEF**
**Fair Labor Standards Act**
**Unpaid Wages and Overtime Pay**

58. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

59. At all times relevant herein, the Plaintiff and the FLSA Collective were employed by defendants within the meaning of the FLSA.

60. Defendants were required to properly pay plaintiff and others similarly situated all wages due including applicable overtime wages for all hours worked in excess of 40 hours in a workweek.

61. Defendants failed to pay plaintiff and the FLSA Collective all wages due including overtime wages of not less than one and one-half times the regular rate of pay for each hour worked in excess of 40 hours in a workweek to which they were entitled in accordance with the FLSA, 29 U.S.C. §207.

62. Defendants illegally misclassified plaintiff and the FLSA Collective in an effort to avoid the obligation to pay plaintiff and the FLSA Collective overtime compensation in accordance with the FLSA, 29 U.S.C. §207.

63. Defendants' violation of the overtime requirements of the FLSA was part of their regular business practice and constituted a pattern, practice, and/or policy.

64. As a result of defendants' violations of the FLSA, plaintiff and others similarly situated have suffered damages by being denied pay for all of their hours worked, by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages in an amount equal to their unpaid wages, prejudgment and postjudgment interest, reasonable attorneys' fees and costs pursuant to the FLSA, 29 U.S.C. §216(b).

65. Defendants' unlawful conduct, as described above, was willful and intentional. Defendants knew or should have known that the practices complained of herein were unlawful. Defendants knew that plaintiff and the FLSA Collective routinely worked in excess of forty hours per week. Defendants improperly classified plaintiff and other similarly situated as exempt employees and defendants lacked any good-faith basis for this classification.

66. Defendants' violations of the FLSA in this First Claim for Relief have been willful and therefore a three-year statute of limitations applies pursuant to the FLSA, 29 U.S.C. §255(a).

**SECOND CLAIM FOR RELIEF**
**New Jersey Wage and Hour Law**
**Unpaid Wages and Overtime Pay**

67. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

68. At all times relevant herein, the Plaintiff and the New Jersey Rule 23 Class were employed by defendants within the meaning of the NJWHL.

69. Defendants willfully violated plaintiff's rights and the rights of the members of the New Jersey Rule 23 Class, by unlawfully classifying them as exempt employees and failing to pay them overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

70. As a result of defendants' violations of the NJWHL, plaintiff and others similarly situated have suffered damages by being denied pay for all of their hours worked, by being denied overtime wages in accordance with the NJWHL in amounts to be determined at trial, and are entitled to recovery of such amounts, prejudgment and postjudgment interest, reasonable attorneys' fees and costs pursuant to the NJWHL.

**PRAYER FOR RELIEF**

**WHEREFORE,** plaintiff, the FLSA Collective and the New Jersey Rule 23 Class pray for the following relief:

A. An order certifying the case as a collective action for the violations of the FLSA, as it pertains to the First Claim under the FLSA, 29 U.S.C. §216(b) for the employees described herein and designating plaintiff's counsel as counsel for the FLSA Collective;

B. Designation of the named plaintiff as representative of the FLSA Collective;

C. An order certifying the case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure as it pertains to the Second Claim for the class of employees described herein, certifying plaintiff as the class representative and designating plaintiff's counsel as Class counsel;

D. Judgment for plaintiff and the FLSA Collection Action members for all statutory, compensatory, consequential, and liquidated damages, or any other damages authorized by law or equity, sustained as a result of defendants' unlawful conduct, as well as prejudgment and postjudgment interest;

E. Judgment for plaintiff and the New Jersey Rule 23 Class members for all statutory, compensatory, liquidated and consequential damages, or any other damages authorized by law or equity, sustained as a result of defendants' unlawful conduct, as well as prejudgment and postjudgment interest;

F. An award to plaintiff and the FLSA Collective and New Jersey Rule 23 Class for their reasonable attorneys' fees, costs, including expert fees, and expenses as authorized by law;

G. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and under appropriate state law; and

H. Any and all other relief as authorized by the federal or state statutes, common law or equity which the Court deems appropriate under the circumstances.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

        LAW OFFICES OF MITCHELL SCHLEY, LLC

By: */s/ Mitchell Schley*
Mitchell Schley, Esq.
mschley@schleylaw.com
197 Route 18 South
South Tower, Suite 3000
East Brunswick, NJ 08816
Telephone: (732) 214-2612

ABBEY SPANIER RODD & ABRAMS, LLP
Judith L. Spanier
jspanier@abbeyspanier.com
212 East 39th Street
New York, New York 10016
Telephone: 212-889-3700

**Attorneys for Plaintiff**

Dated: March 16, 2011

## FAIR LABOR STANDARDS ACT CONSENT

I consent to be a party plaintiff in a lawsuit against Real Estate Mortgage Network, Inc., Real Estate Mortgage Network Holding, LLC, Atlantic Security Mortgage Company, Inc., Peter Norden, Noel Chapman and Samuel Lamparello and other related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. §216(b). I hereby designate the Law Offices of Mitchell Schley, LLC and Abbey Spanier Rodd & Abrams, LLP to represent me in such a lawsuit.

_____
Signature

Patricia M. Thompson
Full Legal Name (Print)

1035 Hillside Dr
Address

North Brunswick, NJ        08902
City, State                Zip Code