NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PATRICIA THOMPSON, on behalf of Herself and all others similarly situated, | **Hon. Dennis M. Cavanaugh** |
| Plaintiffs, | **OPINION** |
| v. | Civil Action No. 11-CV-01494 (DMC-JAD) |
| REAL ESTATE MORTGAGE NETWORK, INC., REAL ESTATE MORTGAGE NETWORK HOLDING, LLC, SECURITY ATLANTIC MORTGAGE COMPANY, INC., PETER NORDEN, an Individual, NOEL CHAPMAN, an Individual and SAMUEL LAMPARELLO, an Individual, | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.

This matter comes before the Court upon motion by Defendants Real Estate Mortgage Network, Inc. ("REMN"), Real Estate Mortgage Network Holding, LLC ("REMN Holding"), Security Atlantic Mortgage Company, Inc. ("Security Atlantic"), Peter Norden ("Norden"), Noel Chapman ("Chapman"), and Samuel Lamparello ("Lamparello") (collectively "Defendants") to Dismiss Plaintiff Patricia Thompson's ("Thompson" or "Plaintiff") Complaint, pursuant to FED. R. CIV. P. 12(b)(6). ECF No. 9. Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After considering the submissions of all parties, it is the decision of this Court for the reasons herein expressed that Defendants' motion to dismiss is **granted**.

I. **BACKGROUND**[1]

Plaintiff Patricia Thompson has brought this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 ("FLSA"), and the New Jersey State Wage and Hour Law, N.J.S.A. § 34:11-56a ("NJWHL"). Plaintiff alleges that she was employed as an underwriter by the Defendants from June 8, 2009 to August 5, 2010. The Defendants in this action are REMN, REMN Holding, Security Atlantic, Norden, Chapman, and Lamparello. REMN, REMN Holding, and Security Atlantic are all New Jersey corporations who operate as direct mortgage lenders. Defendants Norden, Chapman, and Lamparello each held high ranking positions within one of the named Corporate Defendants.[2] Plaintiff alleges that each Defendant was at all relevant times an employer and/or joint employer within the meaning of FLSA 29 U.S.C. §203(a), (d), and (s)(1)(A) and within the meaning of NJWHL 34:11-56a1(g). With respect to each individual Defendant, Plaintiff further alleges that each, at all relevant times, acted directly or indirectly in the interest of REMN, REMN Holding, and Security Atlantic in relation to Plaintiff and those similarly situated.

Plaintiff alleges that during her time of employment with the collective Defendants, she was misclassified as an exempt, salaried employee, and was therefore ineligible to receive overtime pay. Plaintiff further alleges that Defendants, through their policies, practices, and supervisors, directed the work activity of Plaintiff and other underwriters and closers. According to Plaintiff, Defendants permitted Plaintiff and other underwriters and closers to regularly work more than eight hours a day

---

[1] The facts set-forth in this Opinion are taken from the Parties' statements in their respective moving papers.

[2] Defendant Norden at all relevant times held the position as Chief Executive Officer of REMN. Defendant Chapman at all relevant times was the co-owner and Executive Vice President of Security Atlantic. Defendant Lamparello at all relevant times was the co-owner and President of Security Atlantic.

and more than forty hours per week without overtime compensation for the overtime hours worked. Plaintiff maintains that Defendants uniformly misrepresented to Plaintiff and other mortgage underwriters and closers that they were exempt, salaried employees, when in fact they were non-exempt employees. Plaintiff claims that Defendants' conduct has been widespread, repeated and consistent, and that it was willful and done in bad faith.

Defendants have now collectively moved to dismiss Plaintiff's Complaint pursuant to FED. R. CIV. P. 12(b)(6) for failure to adequately state a claim upon which relief may be granted. Plaintiff filed her Opposition on June 6, 2011. ECF No. 16. Defendants filed their Reply on June 27, 2011. ECF No. 20. Because this Court finds that Plaintiff failed to plead her Complaint with the specificity required, Defendants' Motion to Dismiss is **granted.** The Complaint is dismissed without prejudice, and Plaintiff is granted leave to file an amended complaint.

## II.  MOTION TO DISMISS

### A.  LEGAL STANDARD

In deciding a motion under Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations omitted). "[A court is] not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain,

478 U.S. 265, 286 (1986). Instead, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 555.

"A complaint will survive a motion to dismiss if it contains sufficient factual matter to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." Id. "Determining whether the allegations in a complaint are 'plausible' is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Young v. Speziale, 2009 WL 3806296, *3 (D.N.J. Nov. 10, 2009) (quoting Iqbal, 129 S.Ct. at 1950). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown'–that the pleader is entitled to relief." Iqbal, 129 S.Ct. at 1950.

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). The complaint must 'show' an entitlement to relief with its facts. Steedley v. McBride, 2011 U.S. App. LEXIS 20302, at *4 (3d Cir. Oct. 4, 2011) citing Fowler v. UPMC Shadyside, 578 F.3d 203, 2011 (3d Cir. 2009). Factual allegations contained in a certification offered in defense of a motion to dismiss will not be considered in determining the sufficiency of Plaintiff's complaint. See Solutions Partners, Inc. v. Thomas, No. 09-cv-4778, 2010 U.S. Dist. LEXIS 50840, at *7, n. 3 (D.N.J. May 21, 2010).

    B.    DISCUSSION

Plaintiff brings this Complaint alleging violations of the FLSA and violations of the NJWHL.[3] Section 207(a)(1) of the FLSA forbids an employer from having an employee work "for more than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). In order to state a claim under the FLSA, Plaintiff must show that "(1) the defendant was 'engaged in commerce' as that phrase is defined by the FLSA; (2) he was an 'employee' as defined by the FLSA; and (3) he worked more than forty hours in a week but was not paid overtime compensation for the hours worked in excess of forty." Attanasio v. Cmty. Health Sys., 2011 U.S. Dist. LEXIS 121764, *11 (M.D. Pa. Oct. 20, 2011) (citing Mell v. Gnc Corp., 2010 U.S. Dist. LEXIS 118938 at *15 (W.D. Pa. Nov. 9, 2010)). The Court applies the same analysis to the FLSA and NJWHL causes of action, as is customary in this district. Ortiz v. Paramo, No. 06-3062, 2008 U.S. Dist. LEXIS 72387, at *11 (D.N.J. Sept. 19, 2008) (applying same analysis to FLSA and NJWHL claims) (citing Maldonado v. Lucca, 629 F. Supp. 483, 485 (D.N.J. 1986)).

Critically, in pleading a cause of action under the FLSA, plaintiffs must establish an employer - employee relationship with the named defendants. See, e.g., Davis v. Abington Memorial Hosp., 2011 WL 4018106 at *3 (E.D. Pa. Sept. 8, 2011) ("The basic prerequisite for any FLSA lawsuit is an employment relationship between the plaintiffs and defendant. Thus, in a FLSA collective action, every defendant must have been the employer of at least one named plaintiff.")

---

[3] Specifically, Plaintiff argues that Defendants failed to pay her, and others similarly situated, all wages due because she and others similarly situated were improperly classified as employees exempt from the overtime wage requirements of the FLSA. Compl. ¶ 31. The FLSA provides that several categories of employees are exempt from the coverage of the overtime provisions, including, for example, those categorized as "professional employees." 29 U.S.C. § 213(a)(1).

The definitions of "employer" and "employee" under the FLSA and the NJWHL are virtually identical. The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The FLSA defines "employee" as "any individual employed by an employer." 29 U.S.C. § 203(e)(1).

Plaintiff addresses her claims to Defendants collectively without specifically alleging any employment relationship with each. Rather, Plaintiff merely states that she was employed by Defendants from June 8, 2009 to August 5, 2010, that she was mis-classified by Defendants as an exempt employee, and as a result was denied the overtime compensation that she was due. The Complaint alleges that Plaintiff is an employee as defined by the FLSA and the NJWHL, and that each named Defendant is an employer and/or joint-employer within the meaning of the FLSA and the NJWHL. Plaintiff does not, however, allege any specific facts connecting her employment to each named Defendant. Without such specific facts, both the Court and Defendants are unable to determine the extent to which any of the named Defendants could be liable.

The deficiencies of Plaintiff's complaint are further highlighted in her response to the Defendants' motion to dismiss. In support of her assertion that she has a claim for relief, Plaintiff continually refers the Court to the Declaration that was submitted by Plaintiff in response to the Defendants' motion. Such supplemental pleadings may not be considered when determining the sufficiency of the complaint. See Solutions Partners, Inc. v. Thomas, 2010 U.S. Dist. LEXIS 50840, at *7, n. 3. (declining to consider certification offered in defense of a motion to dismiss, and rather choosing to consider such supplemental pleading as a request for leave to file an amended complaint). While such supplemental pleadings will not prevent this Court from granting Defendants' motion to dismiss, the Declaration in conjunction with the prior submissions suggests

that sufficient facts may exist to satisfy <u>Twombly</u> and <u>Iqbal</u>.  Accordingly, this court will grant Defendants' motion to dismiss, but will grant Plaintiff leave to amend the Complaint.[4]

### IV.    CONCLUSION

Accordingly, this Court finds that Plaintiff has failed to adequately plead a claim upon which relief can be granted and Defendant's motion to dismiss is **granted**.  Plaintiff is granted leave to file an amended complaint.

                                                                                    S/ Dennis M. Cavanaugh
                                                                                    DENNIS M. CAVANAUGH, U.S.D.J.

Date:        December 30th 2011
cc:          All Counsel of Record
             Hon. J. A. Dickson, U.S.M.J.
             File

---

[4] While this Opinion's analysis is limited to Plaintiff's failure to properly plead the existence of an employer-employee relationship, the Court expresses no opinion as to the remaining allegations of the Complaint.