UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Patricia THOMPSON,

    Plaintiff,

v.

REAL ESTATE MORTGAGE NETWORK, INC., Security Atlantic Mortgage Company, Inc., Noel Chapman, and Samuel Lamparello,

    Defendants.

Civ. No. 2:11-1494

(KM)(MAH)

OPINION & ORDER

**KEVIN MCNULTY, U.S.D.J.:**

Plaintiff Patricia Thompson sues her former employers for allegedly failing to compensate her for overtime work, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219 and the New Jersey Wage and Hour Law ("NJWHL"), N.J. Stat. Ann. §§ 34:11-56a–34:11-56a38. Her employers seek to dismiss the state-law claim only. This matter comes before the Court on the motion (ECF No. 52) of Defendants Real Estate Mortgage Network, Inc. ("REMN"), Security Atlantic Mortgage Company, Inc. ("SAMC"), Noel Chapman, and Samuel Lamparello (collectively, the "Employers") for partial judgment on the pleadings as to Count II of the Amended Complaint, pursuant to Fed. R. Civ. P. 12(c). For the reasons set forth below, Defendants' motion is DENIED.

1

## I.   BACKGROUND[1]

### a. Facts

Patricia Thompson, a New Jersey resident, was employed as an underwriter at SAMC and REMN. (Am. Compl. ¶5, ECF No. 27.) She worked for SAMC from June 8, 2009 to February 2010 and for REMN from February 2010 to August 5, 2010. (*Id.*)

Thompson alleges that she and other similarly situated individuals[2] were employees of REMN and SAMC within the meaning of the FLSA, 29 U.S.C. § 203(e)(1), (g) and the NJWHL, N.J. Stat. Ann. 34:11-56a1(f), (g), (h). (*Id.* ¶¶6–7.)

Defendants REMN and SAMC, both New Jersey corporations, are nationwide direct mortgage lenders. (*Id.* ¶¶9, 12.) REMN and SAMC are alleged to be employers or joint employers within the meaning of the FLSA, 29 U.S.C. § 203(a), (d), (r), (s)(1)(A), and the NJWHL, N.J. Stat. Ann. 34:11-56a1(g). (*Id.* ¶¶10–11, 13–14.)

Defendant Chapman, a New Jersey resident, was at all relevant times the co-owner and Executive Vice President and officer of SAMC. (*Id.* ¶17.) In 2011, Chapman became an Executive Vice President of REMN. (*Id.*)

Defendant Lamparello, a New Jersey resident, was at all relevant times the co-owner and President of SAMC. (*Id.* ¶22.) Lamparello became an officer of REMN in 2011. (*Id.*)

Thompson alleges that the REMN and SAMC failed to properly compensate her with overtime pay for time worked in excess of forty house in a work week. (*Id.* ¶¶34, 67.) Specifically, she states that her

---

[1]   The facts that follow are taken from the Amended Complaint. (ECF No. 25.) Solely for the purposes of this motion, they are assumed to be true.

[2]   This Opinion does not address any issues regarding class certification, consideration of which would be premature.

employers misclassified her as an exempt, salaried employee, who therefore was ineligible to receive overtime pay. (*Id.* ¶¶34, 59–61.) Thompson alleges that she regularly worked more than eight hours per day and more than forty hours per week without overtime compensation. (*Id.* ¶46.)

Thompson brings claims under the FLSA, 29 U.S.C. § 207 (Count I) and the NJWHL, N.J. Stat. Ann. §§ 34:11-56a–34:11-56a38 (Count II).

This Court has subject matter jurisdiction over the federal-law claim pursuant to 28 U.S.C. § 1331 and the FLSA, 29 U.S.C. § 216(b). This Court exercises supplemental jurisdiction over Thompson's state-law claim pursuant to 28 U.S.C. § 1367(a).

### b. Procedural history

Thompson first filed her complaint on March 16, 2011. On December 30, 2011, District Judge Dennis M. Cavanaugh[3] granted the Employers' motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) for failure to plead with the requisite specificity. (ECF Nos. 23, 24.)

On January 26, 2012, Thompson filed her amended complaint. (ECF No. 25.) On August 31, 2012, Judge Cavanaugh once again dismissed Thompson's complaint for failure to plead with the requisite specificity. (ECF Nos. 38, 39.)

On April 3, 2013, the Third Circuit vacated and remanded Judge Cavanaugh's January 26, 2012 opinion. *Thompson v. Real Estate Mortgage Network*, 748 F.3d 142 (3d Cir. 2014) (ECF No. 44). This Court entered an order implementing the Third Circuit's mandate on May 22, 2014. (ECF No. 47.)

The Employers now move for judgment on the pleadings as to the second count of the amended complaint, brought under the New Jersey

---

3   On May 15, 2014, after the retirement of Judge Cavanaugh, the case was reassigned to me. (ECF No. 45.)

3

Wage and Hour Law.

Neither Judge Cavanaugh nor the Third Circuit considered the Employers' current argument regarding the NJWHL, which is presented for the first time in this motion.

## II. DISCUSSION

### a. Standard for judgment on the pleadings

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure Rule 12(c) is often indistinguishable from a motion to dismiss, except that it is made after the filing of a responsive pleading. Federal Rule of Civil Procedure 12(h)(2) "provides that a defense of failure to state a claim upon which relief can be granted may also be made by a motion for judgment on the pleadings." *Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991). Accordingly, when a Rule 12(c) motion asserts that the complaint fails to state a claim, the familiar Rule 12(b)(6) standard applies. *Id.*

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Science Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n. 9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *N.J. Carpenters & the Trustees Thereof v. Tishman Const. Corp. of N.J.*, 760 F.3d 297, 302 (3d Cir. 2014).

### b. Analysis of the NJWHL

The Employers make a pure argument of law. They contend that the NJWHL provides a private right of action only for minimum wage violations, not for overtime compensation violations like the ones alleged here. (Defs. Mot. 5, ECF No. 52.) They cite to the text of the statute,

which states:

> If any employee is paid by an employer less than the minimum fair wage to which such employee is entitled under the provisions of this act or by virtue of a minimum fair wage order such employee may recover in a civil action the full amount of such minimum wage less any amount actually paid to him or her by the employer . . .

N.J. Stat. Ann. § 34:11-56a25 (West). The Employers argue that the phrase "minimum fair wage" excludes overtime compensation, and that therefore there is no private right of action to recover unpaid overtime compensation. The Employers make their argument solely under the NJWHL; they concede that such a private right of action exists under the FLSA. (Defs. Mot. 5–6).

New Jersey courts have not directly ruled on the issue presented by the Employers. This Court must therefore "predict how the New Jersey Supreme Court would resolve this case." *See Travelers Indem. Co. v. Dammann & Co.*, 594 F.3d 238, 244 (3d Cir. 2010) (diversity case; citation omitted). "In making such a prediction, [this Court may] consider relevant state precedents, analogous decisions, considered dicta, scholarly works, and any other reliable data tending convincingly to show how the highest court in the state would resolve the issue at hand." *Id.* at 244 (internal quotation and citation omitted).

Based on (1) the language of the NJWHL; (2) New Jersey's broad interpretation of the NJWHL; and (3) numerous New Jersey cases that assume such a private right exists, I find that the New Jersey Supreme Court would find an express right in the NJWHL to recover unpaid overtime compensation.

### i. *The language of the NJWHL*

Although the cited section of the NJWHL does not use the word "overtime," the same statute's limitations provision does. That strongly suggests that the New Jersey legislature intended for the NJWHL to

include an express private right of action to recover unpaid overtime payments.

The Employers' argument relies on the lack of a definition of the term "minimum fair wage" in the section of the NJWHL that confers a private right of action. Without a specific definition, they say, a court cannot stretch that term to include overtime compensation. N.J. Stat. Ann. § 34:11-56a25 (West). It is not immediately apparent to me that a "minimum fair wage" excludes overtime.

Be that as it may, the NJWHL's statute of limitations section—titled "Limitations; commencement of action"—*does* refer explicitly to overtime compensation:

> No claim for unpaid minimum wages, *unpaid overtime compensation*, or other damages under this act shall be valid with respect to any such claim which has arisen more than 2 years prior to the commencement of an action for the recovery thereof. In determining when an action is commenced, the action shall be considered to be commenced on the date when a complaint is filed . . .; or, where an audit by the Department of Labor and Industry discloses a probable cause of action for unpaid minimum wages, *unpaid overtime compensation* [etc.] . . .; or where a cause of action is commenced in a court of appropriate jurisdiction.

N.J. Stat. Ann. § 34:11-56a25.1 (West) (emphasis added).

If the State legislature did not intend to create a private right of action for overtime compensation, this language is inexplicable. The New Jersey legislature would not have prescribed a limitations period for a nonexistent cause of action.

### ii. *NJWHL interpreted broadly and in parallel*

New Jersey courts have repeatedly emphasized that the NJWHL is to be construed broadly, and that it was purposely drafted in parallel with the FLSA.

The New Jersey Supreme Court has declared that the NJWHL

6

should be interpreted liberally in order to effectuate its remedial purpose of protecting employees:

> The [NJ]WHL is designed to protect employees from unfair wages and excessive hours. The statute should be construed liberally to effectuate its purpose. . . . The [NJ]WHL establishes not only a minimum wage but also an overtime rate for each hour of work in excess of forty hours in any week for certain employees. . . .

*Hargrove v. Sleepy's, LLC*, 106 A.3d 449, 458 (N.J. 2015) (internal quotations and citations omitted); *see also New Jersey Dep't of Labor v. Pepsi-Cola Co.*, 784 A.2d 64, 66 (2001) ("The remedial purpose of the Wage and Hour Law dictates that it should be given a liberal construction.").

The New Jersey Supreme Court has also emphasized the similarity between the FLSA and the NJWHL:

> Of greater significance, however, is the purpose of both statutes. Like FLSA, the [NJ]WPL and [NJ]WHL address the most fundamental terms of the employment relationship. . . . The [NJ]WHL is designed to protect employees from unfair wages and excessive hours. To that end, the [NJ]WHL establishes a minimum wage for employees and the overtime rate for each hour of work in excess of forty hours in any week. N.J.S.A. 34:11–56a4. Statutes addressing similar concerns should resolve similar issues . . . by the same standard.

*Id.* at 463 (citations omitted).[4] The FLSA includes a right of action to recover withheld overtime payments; the principle of parallel construction suggests that the NJWHL be interpreted the same way.

Putting the liberal construction and parallel construction canons together, I find it difficult to conclude that the NJWHL gives employees fewer or narrower rights than the FLSA.

---

[4] The NJWPL is the New Jersey Wage Payment Law, N.J. Stat. Ann. § 34:11-4.1–4.14 (West).

### iii. New Jersey cases

For decades, New Jersey courts have assumed that there is a private right of action for unpaid overtime compensation under the NJWHL. Given that a plaintiff could sue under the FLSA anyway, to question it probably seemed fruitless.

Numerous New Jersey courts have analyzed overtime claims in detail without questioning whether they exist. *See, e.g., Iliadis v. Wal-Mart Stores, Inc.*, 922 A.2d 710, 722 (N.J. 2007) (ruling that uncertainty about damages does not foreclose claims to recover unpaid overtime compensation under the NJWHL); *Clarke v. Essex Valley Health Care, Inc.*, No. A-3876-12T3, 2014 WL 4843972 (N.J. Super. Ct. App. Div. Oct. 1, 2014) (stating that the NJWHL requires overtime pay at one-and-one-half times the regular hourly wage and that the statute of limitations for any such claim is two years); *Wagner v. Blue Sky Classic Cars, L.L.C.*, No. A-4058-10T3, 2012 WL 5381720 (N.J. Super. Ct. App. Div. Nov. 5, 2012) (affirming an award for failure to pay overtime wages under NJWHL); *Hearn v. Rite Aid Corp.*, No. A-2009-10T1, 2012 WL 996603 (N.J. Super. Ct. App. Div. Mar. 27, 2012) (discussing an exemption to the overtime compensation requirement of the NJWHL); *Anderson v. Phoenix Health Care, Inc.*, No. A-2607-10T2, 2011 WL 5554518 (N.J. Super. Ct. App. Div. Nov. 16, 2011) (concluding that nurses were not entitled to overtime under the NJWHL "so long as they are compensated in excess of the weekly minimum" contained in N.J.A.C. 12:56-7.3(a)(5)); *Karanjawala v. Associated Humane Societies, Inc.*, No. A-3560-08T2, 2010 WL 4025911 (N.J. Super. Ct. App. Div. Aug. 20, 2010) (affirming an award under the NJWHL for a defendant's failure to pay overtime compensation); *In re Raymour & Flanigan Furniture*, 964 A.2d 830 (N.J. Super. Ct. App. Div. 2009) (finding that a furniture store's trucking operation was not a separate establishment and that the furniture store must pay its trucking operation employees overtime at one-and-one-half times the

regular hourly wage under the NJWHL); *Mosley v. Femina Fashions, Inc.*, 811 A.2d 910 (N.J. Super. Ct. App. Div. 2002) (finding that evidence was sufficient for jury to estimate damages for plaintiff's NJWHL claim based on defendant's failure to pay overtime compensation); *New Jersey Dep't of Labor v. Pepsi-Cola*, No. A-918-00T5, 2002 WL 187400 (N.J. Super. Ct. App. Div. Jan. 31, 2002) (analyzing exceptions to the NJWHL's overtime requirement); *Yellow Cab Co. of Camden v. State*, 312 A.2d 870 (N.J. Super. Ct. App. Div. 1973) (concluding that a taxicab company was not exempt from the overtime provision of the NJWHL because it was not a "common carrier").

The best predictor of what New Jersey courts would do is what they have done. These cases strongly suggest that a private right of action to recover unpaid overtime compensation exists under the NJWHL and would be recognized by the New Jersey courts if a challenge were brought.

## ORDER

I find that the New Jersey Supreme Court would find a private cause of action exists under the NJWHL to recover unpaid overtime compensation. Accordingly, based on this Opinion. and for good cause shown;

**IT IS** this 22nd day of May, 2015

**ORDERED** that Defendants' motion for judgment on the pleadings as to Count II of Plaintiff's Amended Complaint (ECF No. 52) is DENIED.

_____
**Kevin McNulty**
**United States District Judge**