UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Patricia THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>REAL ESTATE MORTGAGE NETWORK, INC., Security Atlantic Mortgage Company, Inc., Noel Chapman, and Samuel Lamparello,<br><br>Defendants. | Civ. No. 2:11-1494<br>(KM)(MAH)<br><br>OPINION & ORDER |

**KEVIN MCNULTY, U.S.D.J.:**

    This is a putative class action against employers for allegedly failing to compensate employees for overtime work, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219 and the New Jersey Wage and Hour Law ("NJWHL"), N.J. Stat. Ann. §§ 34:11–56a–34:11–56a38.

    Now before the court is the motion (ECF no. 127) of the defendants, Real Estate Mortgage Network, Inc. ("REMN"), Security Atlantic Mortgage Company, Inc. ("SAMC"), Noel Chapman, and Samuel Lamparello (collectively, the "Employers"), to dismiss the claim of opt-in plaintiff Cheryl Matthews on statute of limitations grounds. Plaintiff Thompson and Matthews have opposed the motion and cross-moved (ECF no. 132) to toll the statute of limitations from March 16, 2011, the date this action was filed, until the court rules on plaintiff's anticipated motion for conditional certification and the period to opt in is closed.

**Employers' motion**

On April 3, 2014, the order of District Judge Cavanaugh dismissing this action was reversed by the Court of Appeals and the matter was remanded. *See* 748 F.3d 142 (3d Cir. 2014). On remand, the Employers answered the amended complaint and asserted as a defense that "Plaintiff's claims, and those of alleged similarly situated persons, are also barred by the statute of limitations because the claims, in whole or in part, predate the applicable statutory period of limitations." (ECF no. 49 at 9)

The Employers' notice of motion is designated as one under "the Court's equitable powers and Rule 83 of the Federal Rules of Civil Procedure." (ECF no. 127) In their brief, the Employers designate their motion as a motion to dismiss. They cite no particular standard of review.

The Employers' motion to dismiss is obviously inappropriate and is denied. The motion may be considered one for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c).[1] Aside from incorporating defendant's denials and affirmative defenses, such a motion is ordinarily analyzed as if it were a Rule 12(b)(6) motion to dismiss. *See* Fed. R. Civ. P. 12(h)(2); *Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991). Thus the court will apply the familiar standards of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A motion to dismiss on statute of limitations grounds may be

---

[1] Defendants have already filed two motions to dismiss and, most pertinently, one for judgment on the pleadings under Rule 12(c). (ECF no. 52). The rules discourage such serial motions. *See* Fed. R. Civ. P. 12(g)(2). It is true, as the Employers say, that Rule 12(h)(2) permits assertion of such legal defenses in a Rule 12(c) motion. I do not take that as authorization for serial Rule 12(c) motions. I set aside this procedural bar, however, recognizing that I may, in an appropriate case, opt to consider such a motion.

granted where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Bethel v. Jendoco Const. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978) (quoting *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975)); *Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989). "If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." *Bethel*, 570 F.2d at 1174.

The time bar is not apparent from the pleadings. First, it requires reference to payroll records (which the Employers attach to their motion). Second, it is subject to plaintiffs' claim that the statute should be equitably tolled, a highly fact-bound issue.

The defendant Employers' motion to dismiss is therefore denied without prejudice.

**Plaintiffs' motion**

Plaintiffs have attempted to widen the issues, cross-moving obtain a preemptive ruling that the claims of opt-in plaintiff Matthews, and indeed all potential opt-in plaintiffs, are subject to equitable tolling, running from the date this action was filed. Predictably, what has followed is a flurry of legal arguments and exhibits, designed to establish or disprove the many facts that should influence an equitable tolling decision.

I recognize that I might opt to exercise my discretion to rule on this issue in advance of plaintiffs' motion for conditional certification. Where, for example, a motion to dismiss may establish that the complaint itself is not viable, that may be a wise exercise of discretion. *See Babcock v. Butler County*, No. 12CV394, 2014 WL 688122, at *3 (W.D. Pa. Feb. 21, 2014), *aff'd*, 806 F.3d 153 (3d Cir. 2015).

This is not such a dispositive motion, however, and I choose not to

3

exercise my discretion in that manner. Each party would like to get the jump on the other, but that is not a sufficient reason to decide this issue, with respect to some undefined class of opt-ins, in isolation. I will decide tolling issues in the context of all other issues that are presented by plaintiffs' anticipated motion for conditional certification of a class. Such issues may moot, or at least alter the contours of, the issue presented here. Indeed, it is conditional certification itself that is designed to flush out, at least preliminarily, the whole panoply of issues that may influence the suitability, or not, of final class certification. *See Camesi v. University of Pittsburgh Med. Ctr.*, 729 F. 3d 239, 243 (3d Cir. 2013). I will not pick out a single issue, in relation to hypothetical opt-ins to an as-yet-undefined class. The cross-motion is therefore be denied without prejudice.

## ORDER

Accordingly, based on this Opinion, and for good cause shown;

**IT IS** this 2nd day of August, 2016

**ORDERED** that Defendants' motion under Rule 83 and the court's equitable powers (ECF no. 127) to dismiss the claim of opt-in Cheryl Matthews **DENIED**; and it is further

**ORDERED** that the plaintiffs' cross-motion (ECF no. 132) to toll the statute of limitations is likewise **DENIED**.

Both denials are without prejudice to the consideration of statute of limitations issues in connection with conditional or final certification of a class, or at any other appropriate time.

_____
**Kevin McNulty**
**United States District Judge**