UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICIA THOMPSON,<br><br>                **Plaintiff,**<br><br>        v.<br><br>REAL ESTATE MORTGAGE NETWORK, INC., et al.,<br><br>                **Defendants.** | Civ. No. 11-1494 (KM) (MAH)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

      This matter comes before the Court on the objection of defendants to Magistrate Judge Hammer's October 21, 2016 Order (ECF Nos. 161, 162) ("Discovery Order") requiring them to produce to plaintiff, Thompson, "for the time period of March 16, 2008 to the present, the name, address, home telephone number, email address, job title[s], dates of employment, company name, and work location, of any and all underwriters, closers, and HUD reviewers in Georgia and New Jersey." The Discovery Order—routine in collective action cases brought under the Fair Labor Standards Act ("FLSA") 29 U.S. §§ 201-19—is manifestly appropriate. The appeal is DENIED.

I.     **BACKGROUND**

      I write for the parties and so assume familiarity with the various opinions and orders that have been issued in this case. (*See, e.g.*, ECF Nos. 23-24, 44, 106, 152) I highlight here the facts and procedural history that are pertinent to the resolution of this appeal.

      This action, filed in March 2011, has a stop-and-start history. There have been two motions to dismiss (ECF. nos. 23, 24), a trip to the Third Circuit, *Thompson v. Real Estate Mortgage Network*, 748 F.3d 142 (3d Cir.

1

2014) (ECF No. 44), and two motions for judgment on pleadings (ECF Nos. 52, 127).

Thompson, a former underwriter employed at Security Atlantic Mortgage Company, Inc., ("SAMC") and Real Estate Mortgage Network, Inc. ("REMC"), claims that SAMC and REMC have failed to compensate her for overtime work. Under the FLSA, Thompson may bring a collective action on behalf of "employees similarly situated." 29 U.S.C. § 216(b). To determine whether the members of the collective action are similarly situated to Thompson, a court will employ a two-stage certification process. *Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239, 243 (3d Cir. 2013). The first step of that process, a motion for conditional certification, has yet to be filed.

The issue presented here is this: Must the defendants turn over contact information about potential opt-ins in advance of conditional certification of the putative class? Following an oral argument held on October 21, 2016, Judge Hammer ruled that they must. *See* (ECF No. 160) To certify (or not) a proposed class, the Court will eventually have to decide "whether all the employees worked in the same department and location[,]" "whether their claims are similar[,]" and "whether the relief that they seek is similar." Judge Hammer therefore concluded that the requested information "easily fits within the ambit of discovery under Rule 26," Fed. R. Civ. P. (Hrg. Tr. 31:6-13; 34:16-19).

Defendants timely appealed the Discovery Order on November 4, 2016.

## II. DISCUSSION

The District Court will reverse a Magistrate Judge's decision on a non-dispositive motion only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). This Court has frequently spoken of the discretion granted to the Magistrate Judge in non-dispositive matters. Where, as here, the appeal seeks review of a discovery dispute, an abuse of discretion

2

standard is appropriate. *See Cooper Hospital/Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998); *Deluccia v. City of Paterson*, No. 09-703, 2012 WL 909548, at *1 (D.N.J. March 15, 2012). Abuse of discretion review, of course, may get us to much the same place: as a practical matter it incorporates clear-error review of factual issues and plenary review of legal questions. *See Koon v. United States*, 518 U.S. 81, 100 (1996).

Defendants assert that the Order is clearly erroneous for five primary reasons: (1) the circumstances of this case are distinguishable from the facts presented in *Capitani v. McDonald's Corp.*, C.A. No. 08-448, 2010 U.S. Dist. LEXIS 57873 (D. Del. June 11, 2010) and *Stillman v. Staples, Inc.*, Civil Action No. 07-849, 2007 U.S. Dist. LEXIS 58873 (D.N.J. July 30, 2007), on which the Discovery Order relied; (2) Thompson has no need for the information; (3) equitable tolling issues do not require the information to be disclosed; (4) disclosure would violate the privacy rights of third parties; and (5) the Discovery Order is overbroad. I consider these reasons, but reject them.

### A. *Capitani* and *Stillman*

*Capitani* and *Stillman* both stand for the proposition that pre-conditional certification disclosure of the "names, address, position, and title of employees with the same or similar job duties as the plaintiff" is permissible under the liberal relevancy standard of Rule 26. *Stillman*, at *4; *Capitani*, at *10-11. As then-Magistrate Judge Patty Shwartz reasoned, "there is no basis to delay [disclosure of this information] until after a ruling on the collective action motion" because the information goes to "whether or not employees were impacted by a common policy" and allows the plaintiff to identify which employees are similarly situated. *Stillman*, *2-4. Citing to *Stillman*, Judge Farnan in *Capitani* likewise concluded that "a list containing the names and contact information of potential class members" is relevant to whether the defendant "engages in a policy of wrongly classifying" employees, and ordered the defendant to produce such information prior to conditional certification. *Id.* at *9-10.

3

Defendants do not argue that *Stillman* or *Capitani* are contrary to some other controlling precedent.[1] Defendants instead stress that *Stillman* and *Capitani* courts ordered the production of only a "narrow" range of information for individuals with the same job title who suffered the same injury as the plaintiff.[2] That argument, however, begs a fundamental question: Are the members of the proposed class similarly situated to Thompson? Defendants are saying in effect that discovery is inappropriate now because (after discovery, presumably?) they will defeat a motion to certify a class later. Perhaps so, or perhaps not. Either way, I will not give what amounts to a preliminary, or even preemptive, ruling on the certification motions.[3]

## B.   The Discovery is Superfluous

Defendants next argue that Thompson doesn't need the names and other identifying information of potential opt-ins. Defendants say they have

---

[1]   As noted in *Stillman*, however, there is non-controlling contrary precedent. See *id.* at *3 (citing *Crawford v. Dothan City Bd. of Educ.*, 214 F.R.D. 694, 695 (M.D. Ala. 2003). But those cases seem to be in the minority. See, e.g., *Capitani*, 2010 U.S. Dist. LEXIS 57873, at *9-10; *Whitehall v. Wolfgang's Steakhouse, Inc.*, 09 Civ. 1148, 2010 U.S. Dist. LEXIS 58460, at *5-8 (S.D.N.Y. June 14, 2010) (collecting cases); *Sjoblom v. Charter Commc'n*, 3:07-cv-0451-bbc, 2008 U.S. Dist. LEXIS 1001, at*5-6 (W.D. Wisc. Jan. 4, 2008) (collecting cases); *Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550, 553-54 (N.D. Ill. Feb. 25, 2008) (collecting cases). It was not error for Judge Hammer to rely on *Stillman* and *Capitani* in the absence of controlling legal authority holding otherwise.

[2]   Neither case involved the "narrowing" of a discovery request.

[3]   Without citation, defendants relatedly contend that pre-certification discovery "circumvents" the conditional certification step in the two-step certification process. Certainly this is not an accurate description of the lion's share of case law on this issue. See n.1, *supra*. They also speculate that providing this information will result in unsupervised communications between plaintiff's counsel and opt-ins. Defendants' support for this charge is the fact that two plaintiffs have already opted into this lawsuit. But plaintiffs routinely opt into FLSA actions before a class has been conditionally certified or before such a motion is filed. See, e.g., *DePalma v. The Scotts Co.*, 13-7740, ECF Nos. 3, 21, 26, 29, 36. Should specific instances of improper or misleading communications between plaintiffs and potential opt-ins occur, defendants may notify the Court. But for now, I decline the invitation to order Thompson or counsel to refrain from contacting potential opt ins—a request which in any event was never raised before Judge Hammer.

already produced other information that Thompson might use to determine whether potential opt-ins are similarly situated. But strict necessity is not the applicable legal standard.[4] In light of certification issues—*e.g.*, "whether all the employees worked in the same department and location[,]" "whether their claims are similar[,]" and "whether the relief that they seek is similar"—Judge Hammer correctly ruled that the information requested was relevant, and indeed "classic document discovery" under Rule 26. (Hrg. Tr. 31:9-30; 33:14-15; 34:16-19) To resist turning over the information, defendants needed to show lack of relevancy or undue burden. *See, e.g.*; *EEOC v. Princeton Healthcare Sys.*, Civ. Action No. 10-4126 2012 U.S. Dist. LEXIS 65115, at *54-55 (D.N.J. May 9, 2012). They made no such argument before Judge Hammer, (Hrg. Tr. 33:3-4), and they have made no such showing here. I will not reverse Judge Hammer's well-reasoned and thorough Discovery Order on this ground.

### C. Equitable Tolling Issues

Defendants' third argument fares no better. Judge Hammer, they claim, erroneously concluded that concerns over tolling issues *required* the Court to grant plaintiff's discovery request. That is not what Judge Hammer ruled. It was merely one consideration—a consideration that I noted in denying Thompson's cross-motion to equitably toll the claims of potential opt-ins. "[T]olling issues," I wrote, would be decided "in the context of all other issues that are presented by plaintiffs' anticipated motion for condition certification." (ECF No. 152). "Obviously," reasoned Judge Hammer, "the tolling issue calls into question when the putative plaintiffs' claims arose" and "that *further underscores* the necessity of the plaintiff having . . . discovery on who the putative plaintiffs are, when they worked there, where they worked, and the additional information requested." (Hrg. Tr. 32:7-11) (emphasis added). Again: defendants offer no authority suggesting that the consideration of equitable

---

[4] Fed. R. Civ. P. 26(b) generally requires "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case...." Defendants have not cited Fed. R. Civ. P. 26 in their papers.

5

tolling issues, as one factor among a constellation of others, is legally erroneous or an abuse of discretion. I will not reverse the Discovery Order on this basis.

### D. Privacy Issues

Defendants' fourth objection is essentially a recasting their first, and will be rejected for substantially the same reasons. Adopting the reasoning of *Whitehorn v. Wolfgang's Steakhouse*, Judge Hammer ruled that Thompson's need for the information outweighed third parties' privacy rights. 2010 U.S. Dist. LEXIS 58460, at *8-10. Here, too, defendants do not contend that *Whitehorn* is contrary to controlling precedent, or even contrary to the weight of authority. Nor do they argue that Judge Hammer abused his discretion in weighing Thompson's interest in obtaining the requested information against third-party privacy interests. They instead contend that Judge Hammer erroneously relied on *Whitehorn* because the plaintiff in that case sought the contact information of third parties who were classified and paid in the same manner and way as the plaintiff. Like defendants' objections to *Capitani* and *Stillman*, this is circular. The discovery ordered by Judge Hammer goes to the *issue* of whether the opt-ins are similarly situated to Thompson; its relevance cannot be assumed away. It is indisputably relevant and therefore discoverable. Surely the parties will vigorously litigate whether the proposed class of opt-ins is in fact similarly situated to Thompson during the two-step certification process. But defendants cannot deny their adversary relevant and discoverable information by declaring victory.[5]

### E. Overbreadth

Defendants' final argument concerns the breadth of the discovery ordered by Judge Hammer. Thompson, they say, is not entitled to telephone information because she has not shown that email or postal addresses would

---

[5] The court in *Whitehall* rejected the argument that plaintiff must make a "*prima facie*" showing that similarly situated individuals exist to obtain pre-certification discovery. *Id.* at *4-6.

6

be insufficient to identify and contact members of the opt-in class. This argument was not made to Judge Hammer; defendants instead took the position that no further discovery was appropriate at this pre-conditional certification stage. (ECF No. 155, p. 8-15). I cannot find any error in Judge Hammer's failure to anticipate defendants now-preferred, fallback position. At any rate, I note that a number of other courts have ordered the same or substantially similar discovery in the pre-conditional-certification stage. *See, e.g., Whitehall*, 2010 U.S. Dist. LEXIS 58460, at *5-8 (names, last known addresses, last known phone numbers, and job position); *Stillman*, 2007 U.S. LEXIS 58873, at *1 (names, addresses, position and title); *Acevedo*, 248 F.R.D. at 552-54 (N.D. Ill. Feb. 25, 2008) (names, addresses, telephone numbers, dates of employment, and employee numbers).

### III.  CONCLUSION

Further segmentation of the issues, with issue being joined afresh at each stage, will delay a decision on the merits of conditional and final certification, without any substantial offsetting benefit. For the foregoing reasons, defendants' appeal of the Discovery Order is DENIED. (ECF No. 160) Judge Hammer's well-reasoned Discovery Order (ECF No. 161) is affirmed and adopted by the Court.

Dated: March 28, 2017

_____
**KEVIN MCNULTY**
**United States District Judge**