UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

PATRICIA THOMPSON, on behalf of
herself and all others similarly situated,

Plaintiff,

v.

REAL ESTATE MORTGAGE NETWORK,
INC., et al.,

Defendants.

Civ. No. 2:11-1494 (KM)(MAH)

OPINION & ORDER

### KEVIN MCNULTY, U.S.D.J.:

This is a putative class action against employers for allegedly failing to compensate employees for overtime work, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219 and the New Jersey Wage and Hour Law ("NJWHL"), N.J. Stat. Ann. §§ 34:11-56a-34:11-56a38. Jockeying for minute procedural advantages, the Plaintiff has created a procedural mess which either party could have averted by scheduling a conference call with the Magistrate Judge or with me.

Now before the Court are three motions:

(A) Motion (ECF No. 196) of Plaintiff Patricia Thompson to conditionally certify a collection action under the FLSA and to equitably toll the statute of limitations of the FLSA for a putative class of opt-in plaintiffs.[1]

(B) Motion (ECF No. 212) of Defendants Real Estate Mortgage Network,

---

[1] Joining Ms. Thompson as plaintiffs, to date, are seven opt-ins: Yasmiin Arraya (ECF No. 198); Wendy Galida (ECF No. 199); Brandy Haines (ECF No. 200); Jonell Jones (ECF No. 201); Kevin McCourt (ECF No. 202); Margaret Pietryka (ECF No. 203); and James Sentman (ECF No. 204).

Inc. ("REMN"), Security Atlantic Mortgage Company, Inc. ("SAMC"), Noel Chapman, and Samuel Lamparello (collectively, the "Employers") for partial summary judgment and to compel arbitration as to two of the opt-ins, McCourt and Pietryka.

(C) Motion (ECF No. 213) of Plaintiff Patricia Thompson to strike Defendants' motion for partial summary judgment (ECF No. 212), because it should have been filed as a cross-motion. If the motion to strike is denied, Plaintiff (who did not respond to the summary judgment motion) seeks a period of 20 days to file a response.

## DISCUSSION

The "motion to strike" has created a logjam. Plaintiff alleges that the Employers brought this motion for partial summary judgment in lieu of properly filing a cross-motion to Plaintiff's motion for conditional certification. (ECF No. 213-1 at 7–8) The abominable result, Plaintiff says, is that (a) the Defendants will receive more pages to make their arguments; and (b) the Defendants will "get[] the 'last word' on the tolling issue." (ECF No. 213-1 at 6).[2]

Such gripes, of course, may easily be addressed directly: A party may request an adjustment of page limits, or leave to file a reply. Such minor procedural relief is routinely sought informally. Plaintiff, however, has hit upon the strategy of refusing to acknowledge the summary judgment motion at all— granting herself an exemption from the deadline to respond and treating the motion as a nullity *via* a "motion to strike."

Why a nullity? Because, says plaintiff, this summary judgment motion should have been filed as a cross-motion. The Local Rules, of course, authorize a cross-motion, returnable on the same date as the main motion: "A cross-motion related to the subject matter of the original motion may be filed by the

---

[2] On an ordinary motion, replies are authorized by rule; on a cross-motion, they are permitted only by leave of court. *Compare* D.N.J. Loc. Civ. R. 7.1(d)(3) (authorizing reply on ordinary motion) *with* Loc. R. 7.1(h) (not mentioning replies to cross-motions). Page limits are also calculated differently.

party opposing the motion together with that party's opposition papers . . . ." D.N.J. Loc. R. 7.1(h).[3] The Local Rules, however, provide only that such a motion "may" be filed. No rule provides for a mandatory cross motion. In some cases, including those cited by the Plaintiff, the court merely points out that it is not necessary to "cross-move" if the only relief sought is denial of the main motion. In others, the court does the opposite of what Plaintiff requests here—*i.e.,* it rejects an attempt to shoehorn a request for unrelated relief into a putative cross-motion, and instead treats it as an independent motion. *See* A. Lite, 2019 N.J. Fed. Prac. R. 7.1 comment (5); ECF no. 213-1 at 8 & n.7 (citing cases). In no case does the court "strike" an otherwise legitimate motion because it should have been filed as a cross-motion. The whole premise of this motion to strike, then, is flawed.

"As a general matter, motions to strike under Rule 12(f) are highly disfavored." *F.T.C. v. Hope Now Modifications, LLC*, No. CIV. 09-1204 JBS/JS, 2011 WL 883202, at *1 (D.N.J. Mar. 10, 2011) (citations omitted). In addition, a "motion to strike," to the extent it is available at all, is a vehicle ill-suited to the minor, routine procedural relief that plaintiff truly seeks here.

---

[3] The entire Rule reads as follows:

(h) Cross-Motion A cross-motion related to the subject matter of the original motion may be filed by the party opposing the motion together with that party's opposition papers and may be noticed for disposition on the same day as the original motion, as long as the opposition papers are timely filed. Upon the request of the original moving party, the Court may enlarge the time for filing a brief and/or papers in opposition to the cross-motion and adjourn the original motion day. A party filing a cross-motion shall serve and file a combined brief in opposition to the original motion and in support of the cross-motion, which shall not exceed 40 pages. No reply brief in support of the cross-motion shall be served and filed without leave of the assigned district or magistrate judge. The original moving party shall file a single combined reply brief in support of its motion and in opposition to the cross-motion, which shall not exceed 40 pages (in contrast to the 15-page limit for replies as provided in L. Civ. R. 7.2(b)). The provisions of L.Civ.R. 7.1(d)(5) [one adjournment of motion day as of right] apply to dispositive cross-motions.

D.N.J. Loc. R. 7.1(h).

Viewed through the lens of the Civil Rule explicitly authorizing a motion to strike, Fed. R. Civ. P. 12(f), this motion is invalid. That Rule authorizes a court "to strike from *a pleading* an insufficient defendant or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). The "pleadings" in a federal action consist of a complaint, an answer to a complaint, an answer to a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and, if the court so orders, a reply to an answer. Fed. R. Civ. P. 7(a). A summary judgment motion, however, is not a "pleading." Consequently, "it is not proper under Fed. R. Civ. P. 12(f) to [grant a] motion to strike a motion." *Structural Concrete Prod., LLC v. Clarendon Am. Ins. Co.*, 244 F.R.D. 317, 324 (E.D. Va. 2007) (citing *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir.1983)); *see Bakhtiari v. Madrigal*, No. 3:18-CV-38, 2018 WL 4207713, at *1 (M.D. Pa. Sept. 4, 2018) (holding that a defendant's brief for summary judgment "is not the appropriate subject of a motion to strike."). The appropriate response is to oppose the motion, not to demand its obliteration from the record.

Plaintiffs argue that the summary judgment motion should be struck because it is at odds with the mandate of Fed. R. Civ. P. 1 that the rules "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." A motion for summary judgment, however, is not an inappropriate means of challenging time-barred FLSA claims. *See Smith v. Johnson & Johnson*, No. CIV A 06-4787(JLL), 2008 WL 5427802, at *3 (D.N.J. Dec. 30, 2008), *order aff'd, appeal dismissed*, 593 F.3d 280 (3d Cir. 2010); *Baugh v. CVS Rx Servs., INC.*, No. CV 15-00014-MAK, 2015 WL 12552067, at *2 (E.D. Pa. July 24, 2015). Indeed, if appropriately granted—and I do not prejudge that issue—such a motion may streamline the case and contribute to a just,[4] speedy, and inexpensive determination of the merits.

---

[4] "[Statutes of limitations] promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost,

Plaintiffs rely further on Fed. R. Civ. P. 83(b) and the court's inherent power to "regulate practice in any manner consistent with federal law, rules adopted under 28 U.S.C. §§ 2072 and 2075, and the district's local rules." I decline to exercise that power because in this instance its exercise would *not* be consistent with the Rules, as outlined above. It is true, of course, that the Court retains inherent powers "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891 (2016). For the reasons already stated, however, I decline to exercise that discretionary power to strike the motion for summary judgment.[5]

I will exercise that discretionary case-management power, however—not to strike the motion, but to reorder the presentation of issues here. The summary judgment and arbitrability issues may profitably be addressed in advance of the conditional certification issues. The partial summary judgment motion however, has never gotten underway because of quibbles over page limits, replies, and the like. I am therefore pressing the "reset" button.

---

memories have faded, and witnesses have disappeared. [E]ven if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation . . . Moreover, the courts ought to be relieved of the burden of trying stale claims when a plaintiff has slept on his rights." *Burnett v. New York Cent. R. Co.*, 380 U.S. 424, 428 (1965) (citations omitted).

5    Citing Fed. R. Civ. P. 16(f)((1)(C), Plaintiff argue that by bringing the summary judgment motion separately, instead of as a cross-motion, the defendants "side-stepped" Magistrate Judge Hammer's order scheduling the certification motion. Plaintiff is not very specific, and I do not see a basis for disallowing the filing of a summary judgment motion just because a certification motion is in the works.

**ORDER**

Accordingly, for the reasons stated above,

IT IS this 24th day of September, 2018,

ORDERED as follows:

1. The motion to strike (ECF no. 213) is DENIED.
2. The motion for partial summary judgment motion and to compel arbitration (ECF no. 212) and the conditional certification motion (ECF no. 199) are ADMINISTRATIVELY TERMINATED.
3. The motion for partial summary judgment and to compel arbitration, either in original or revised form, shall be refiled within seven days as an ordinary motion returnable on the next available motion day, as to which the ordinary 24-day briefing schedule and page limits of Local Rule 7.1(d) shall apply. No extensions shall be granted absent extraordinary circumstances.
4. The conditional certification motion, either in original or revised form, shall be refiled within seven days after the Court files its decision on the summary judgment motion, as an ordinary motion returnable on the next available motion day, as to which the ordinary 24-day briefing schedule and page limits of Local Rule 7.1(d) shall apply. No extensions shall be granted absent extraordinary circumstances.

**KEVIN MCNULTY**
**United States District Judge**