Chambers of
**Michael A. Hammer**
United States Magistrate Judge

Martin Luther King Federal Building
& U.S. Courthouse
50 Walnut Street, Room 2042
Newark, NJ 07101
(973) 776-7858

October 10, 2019

To: All counsel of record
Via ECF

## LETTER OPINION AND ORDER

Re: Thompson v. Real Estate Mortgage Network
Civ. No. 11-1494 (KM)

Dear Counsel:

This matter comes before the Court on the motion of Defendants, Real Estate Mortgage Network, Security Atlantic Mortgage Company Inc., Noel Chapman, and Samuel Lamparello, to stay all proceedings, including a ruling on Plaintiff's motion for conditional certification. Motion to Stay All Proceedings, Aug. 30, 2019, D.E. 244. The Court has considered the parties' submissions. Pursuant to Federal Rule of Civil Procedure 78, the Court considered this matter without oral argument. For the reasons set forth in this Letter Opinion and Order, the Court **grants** the motion and stays this proceeding pending the Third Circuit's disposition of the Defendants' appeal.

On June 26, 2019, the District Court issued an Opinion and Order that (1) denied Defendants' motion for partial summary judgment; (2) denied Defendants' motion to compel arbitration; and (3) granted in part Plaintiffs' motion to equitably toll the statutes of limitations for current opt-ins. *See* Opinion, June 26, 2019, D.E. 235; Order, June 26, 2019, D.E. 236. On July 25, 2019, Defendants appealed the District Court's denial of their motion to compel arbitration. Notice of Appeal, July 25, 2019, D.E. 239. Defendants now move to stay all proceedings, including the fully briefed motion for conditional certification, until the Third Circuit adjudicates their appeal. Plaintiffs oppose the motion.

The Federal Arbitration Act ("FAA") allows a party to appeal an order denying a motion to compel arbitration. 9 U.S.C. § 16(a)(1)(B); *see also Virtu KCG Holdings LLC v. Min Li*, Civ.

No. 17-8296, 2018 WL 1627439, *1 (D.N.J. Apr. 3, 2018). In *Ehleiter v. Grapetree Shores Inc.*, 482 F.3d 207, 215 n.6 (3d Cir. 2007), the Third Circuit held that an appeal under Section 16(a) that was neither frivolous nor forfeited deprives the district court of jurisdiction over the matter. The Third Circuit thereby sided with the majority of circuits holding that a stay operates as "an automatic divestiture where the Section 16(a) appeal is neither frivolous nor forfeited." *Id.* The Third Circuit repeated this instruction in *Kim v. Dongbu Tour & Travel Inc.*, 529 F. App'x. 229 (3d Cir. 2013), stating that

> ordinarily an appeal from an order denying a motion for arbitration divests a district court of jurisdiction over the action that a party seeks to have submitted to arbitration, and thus the appeal automatically stays proceedings in the district court. . . . But the appeal will not stay the district court proceedings if it is "frivolous or forfeited."

*Kim*, 529 Fed. Appx. at 233 (citing *Ehleiter*, 482 F.3d at 215 n.6).

The Third Circuit did not address whether the district court or the appellate court determines whether the appeal is frivolous. *Id.* However, courts within this Circuit have made that determination when confronted with a motion to stay. *See, e.g., Virtu KCG Holdings, Inc.*, 2018 WL 1627439, at *1 (ordering stay pending appeal after finding that appeal was neither frivolous nor forfeited); *Bucher v. American Health and Life Ins. Co.,* Civ. No. 14-659, 2014 WL 5464857, *2 (W.D. Pa. Oct. 28, 2014) (denying motion to stay after finding that appeal was frivolous); *Guidotti v. Legal Helpers Debt Resolution LLC*, Civ. No. 11-1219, 2012 WL 3262461, *3 (D.N.J. Aug. 7, 2012) (observing that the Third Circuit "'has been reluctant to classify appeals as frivolous'" and granting stay application after finding that appeal was not frivolous).

The standard for finding that an appeal under § 16(a) is frivolous is a high one. As the District Court observed in *Guidotti*, the Third Circuit "'has been reluctant to classify appeals as frivolous, so that novel theories will not be chilled and litigants advancing any claim or defense which has colorable support under existing law or reasonable extensions thereof will not be deterred.'" *Guidotti*, 2012 WL 3262461, at *3 (quoting *Hilmon Co. (V.I.) v. Hyatt Int'l*, 899 F.2d 250, 253 (3d Cir. 1990)). The standard is not whether the appeal will ultimately succeed. Instead, to qualify as frivolous, the appeal must be "'wholly without merit'" or "lack[] 'colorable support[.]'" *Id.* at *2 (quoting *Nagle v. Alspach*, 8 F.3d 141, 145 (3d Cir. 1993)).

This Court cannot determine that Defendants' appeal is frivolous or forfeited. It is true, as Plaintiffs argue, that the stay will have the effect of prolonging this already protracted litigation. But as Plaintiffs concede, the briefing on the appeal has not been submitted, and "[t]hus, neither plaintiff nor this Court can assess whether the appeal is frivolous." Pltf.'s Opp'n Brief, Sept. 23, 2019, D.E. 249, at 6. Moreover, the District Court found that several of the *Hoxworth*[1] factors weighed only mildly against Defendants. *See* Opinion, June 26, 2019, D.E. 235, at 15 (finding that significance of timeliness factor "is substantially reduced in light of the fact that they could not have brought a motion to compel until more recently"); *id.* at 18 (finding

---

[1] *Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 212 (3d Cir. 1992).

that "extent of non-merits motion practice" factor "weighs somewhat against Defendants, although I would not find it dispositive in isolation"); *id.* at 19 (finding that "acquiescence to pre-trial orders" factor "is mildly adverse to Defendants"). Accordingly, this Court cannot conclude that Defendants' appeal is "utterly without merit." Plaintiff does not contend that Defendants forfeited the appeal.

For the foregoing reasons, the Court will **grant** Defendants' motion to stay this litigation pending Defendants' appeal to the Third Circuit. The parties shall inform the Court of any decision by the Third Circuit within seven days of its issuance.

SO ORDERED.

*s/ Michael A. Hammer*
**Hon. Michael A. Hammer**
**United States Magistrate Judge**