# EXHIBIT 1

DRAFT 7.5.21

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is entered into by and between Homebridge Financial Services, Inc., ("Homebridge") formerly Real Estate Mortgage Network, Inc., Real Estate Mortgage Network, Inc., Security Atlantic Mortgage Company, Inc., Noel Chapman, an Individual, and Samuel Lamparello, an Individual (collectively "Defendants") and Plaintiff, Patricia Thompson, ("Plaintiff") individually and on behalf of those similarly situated (together "Plaintiffs"), in resolution of the matter of *Patricia Thompson v. Real Estate Mortgage Network, Inc. et al.,* Case No. 11-cv-01494 (KM) (MAH) pending in the U.S. District Court for the District of New Jersey (the "Litigation").

WHEREAS, the Plaintiff, the Putative Class Members, and Defendants are collectively referred to as the "Parties." "Class Counsel" are Mitchell Schley of the Law Offices of Mitchell Schley, LLC and Abbey Spanier LLP. Defendants' counsel are Ari Karen and Katharine Batista of Offit Kurman, P.A. Class Counsel and Defendants' counsel are collectively referred to as the "Attorneys."

WHEREAS, Plaintiff filed a Complaint on March 16, 2011, asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., and the New Jersey State Wage and Hour Law ("NJWHL"), N.J.S.A. §34.11-56a, *et seq*. for Defendants' alleged misclassification of underwriters and closers and failure to properly pay overtime wages.

WHEREAS, Plaintiff filed an Amended Complaint on January 27, 2012, which added HUD-1 Reviewers, referred to in this Litigation as HUD Reviewers, to the proposed class/collective;

WHEREAS, Defendants timely filed an answer to the Amended Complaint and have denied and continue to deny the allegations in the Litigation; and

WHEREAS, on December 12, 2017, Plaintiff filed an initial motion for conditional certification in this case for those claims arising under the Fair Labor Standards Act. Due to other motions and an appeal, the Court reset the briefing deadlines on this motion numerous times. This motion was pending on May 3, 2021, when the Court administratively terminated this matter. A ruling on this motion was never made and neither a collective nor class has been certified yet in this Litigation.

WHEREAS, on April 21, 2021, the Parties engaged in a private mediation with mediator Vincent Cino, Esq., pursuant to a Court Order dated January 26, 2021. Following the mediation, with the assistance of Mr. Cino, the Parties reached an agreement to settle all aspects of the Litigation, subject to the Court's preliminary and final approval under Rule 23 of the Federal Rules of Civil Procedure and the FLSA.

WHEREAS, it is the desire of the Parties to fully settle, compromise, and discharge all claims that Plaintiffs raised in the Litigation or that relate to or arise out of the facts alleged in the Litigation.

WHEREAS, it is the intention of the Parties that this Settlement Agreement shall constitute a full and complete settlement and release of claims alleged in the Amended Complaint against Defendants pursuant to the terms described herein, which release includes in its effect Defendants and all past, present, and future direct and indirect parents, affiliates, subsidiaries, divisions, predecessors, successors, partners, joint venturers, affiliated organizations, shareholders, and each of their past, present and future officers, directors, members, trustees, agents, employees, attorneys, contractors, representatives, benefits plans sponsored or administered by Defendants, divisions, units, branches and any other persons or entities acting on their behalf.

WHEREAS, the Parties' settlement is the result of intensive arms' length negotiations. The Parties and their respective Attorneys believe that this Settlement Agreement provides a fair and reasonable settlement for Plaintiff and the members of the Settlement Class.

WHEREAS, in discovery, the Parties reviewed thousands of pages worth of documents related to job duties and hours worked by members of the Settlement Class and data reflecting their pay records and interviewed numerous witnesses. Defendants took the deposition of Patricia Thompson. The terms of the Settlement Agreement are based on a thorough evaluation of this evidence and the underlying case law, both of which bear on the relative degrees of risks faced by all Parties.

WHEREAS, Class Counsel represents that they have conducted a thorough investigation into the facts of the Litigation and have diligently pursued an investigation of the Settlement Class claims against Defendants. Based on their own independent investigation and evaluation, Class Counsel is of the opinion that the settlement with Defendants is fair, reasonable, and adequate, and is in the best interest of the Settlement Class and Plaintiff in light of all known facts and circumstances, including the risks of significant delay and defenses asserted by Defendants.

NOW, THEREFORE, in consideration of the mutual promises and covenants contained herein, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

1.      **Definitions.**   The defined terms set forth in this Agreement have the meanings ascribed to them below:

1.1      "Agreement" or "Settlement Agreement" mean this agreement and the exhibits hereto, which the Parties understand and agree set forth all material terms and conditions of the Settlement between them, and which is subject to Court approval.

1.2      "Claim" means the timely submission of a claim for a Settlement Payment in the form of **Exhibit A**.

1.3      "Class Member" means any person employed by Defendants as an underwriter, closer or HUD reviewer who is within the scope of the Settlement Class as set forth herein. For avoidance of doubt, Class Members include all those who satisfy this definition who

do not affirmatively opt-out of this action.

1.4    "Court" means the United States District Court for the District of New Jersey.

1.5    "Defendants" mean Homebridge Financial Services, Inc., formerly Real Estate Mortgage Network, Inc., Real Estate Mortgage Network, Inc., Security Atlantic Mortgage Company, Inc., Noel Chapman, and Samuel Lamparello.

1.6    "Effective Date" refers to the first date after all of the events and conditions set forth herein have been met or occurred and the judgment by the Court finally approving this Settlement Agreement is no longer appealable *(i.e.,* the thirty-first day after service of notice of entry of judgment), or if an appeal has been filed, the date on which the appeal is final.

1.7    "Execution Date" means the date on which this Agreement is executed by the Parties.

1.8    "Excluded Class Member" means a Class Member who chooses to exclude his or herself from the Settlement upon receiving Settlement Notice, by failing to submit a claim.

1.9    "Gross Liability Settlement Sum" means Five Hundred Thousand Dollars and Zero Cents ($500,000.00), which is the maximum amount that Defendants have agreed to pay to fully resolve and settle this Litigation, which includes any and all amounts in aggregate to be paid to Class Members who submit claims and any amounts-paid as a service fee to the named Plaintiff. For avoidance of doubt, the Gross Liability Settlement Sum is the maximum cap that Defendants have agreed to pay to Class Members. In the event that claims that in aggregate are less than the Gross Liability Settlement Sum are submitted, Defendants' obligation, in addition to attorneys' fees and cost of settlement administration, shall be limited only to the amount payable to each Class Member who submits claims in  accordance with the amounts set forth in **Exhibit B**, notwithstanding the Gross Liability Settlement Sum.

1.10    "Gross Legal Fees, Costs and Expenses Settlement Sum" means Four Hundred Fifty Thousand Dollars and Zero Cents ($450,000.00), which is the amount that Defendants have agreed to pay to settle attorneys' fees, costs and expenses, provided for under the FLSA and NJWHL.

1.11    "Last Known Address(es)" means the most recently recorded personal mailing address for a Class Member as shown in Defendants' records.

1.12    "Last Known Telephone Number(s)" means the most recently recorded personal mobile and/or home telephone number for a Class Member as shown in Defendants' records.

1.13    "Last Known Email Address" means the most recently recorded personal email and/or home email for a Class Member as shown in Defendants' records.

1.14    "Litigation" means the lawsuit entitled *Patricia Thompson v. Real Estate Mortgage Network, Inc. et al.,* Case No. 11-cv-01494 (KM) (MAH) pending in the U.S. District

Court for the District of New Jersey.

1.15   "Plaintiff" means Patricia Thompson.

1.16    "Order Granting Approval of Settlement" or "Approval Order" means an order to be approved and entered by the Court, which gives final approval to the Settlement and this Agreement, and enters final judgment, in a form substantially similar to the Proposed Approval Order and Judgment Approving Settlement, attached hereto as **Exhibit C**.

1.17   "Parties" collectively means the Plaintiff and Class Members and Defendants.

1.18   "Plaintiff's Counsel" means Mitchell Schley of the Law Offices of Mitchell Schley, LLC and Abbey Spanier LLP.

1.19   "Qualified Settlement Fund" or "QSF" means the account established by the Settlement Administrator to be funded by the Gross Settlement Liability Sum in an amount equal to the Settlement Sum for Distribution as defined below.  The QSF will be controlled by the Settlement Administrator subject to the terms of this Agreement and the Court's order(s).

1.20   "Releasees" means Defendants and their officers, directors, employees, agents, insurers, successors, predecessors, affiliates, parents, subsidiaries, attorneys, and related entities.

1.21   "Settlement" means the settlement between the Parties embodied and contained in this Agreement.

1.22   "Settlement Administrator" refers to the third-party settlement administrator who will be Optime Administration, LLC subject to Court approval. All correspondence with Class Members will be between Class Members and the Settlement Administrator.

1.23   "Settlement Class" comprises both the "Underwriter Class," and the "Closer and HUD Reviewer Class," as defined below, and includes both the members of the Rule 23 Class as well as the Opt-Ins to the FLSA Collective who satisfy the below definition. Further, the Parties agree to use March 16, 2009, which constitutes the two-year statute of limitations of the NJWHL in effect at the time the Amended Complaint was filed as the date Settlement Class claims relate back to. This also encompasses the relevant statute of limitations for the Settlement Class's FLSA claims, which according to Court Order, may date back to June 30, 2009.

(A) The "Underwriter Settlement Class" is defined as "All underwriters employed by Defendants in New Jersey at any point in time from March 16, 2009 through April 1, 2011"; and

(B) The "Closer and HUD Reviewer Class" is defined as "All closers and HUD reviewers employed by Defendants in New Jersey at any point in time from March 16, 2009 through April 1, 2014."

1.24    "Settlement Sum for Distribution" means the total amount of the Gross Settlement Liability Sum that is claimed by Class Members through their submission of claims in response to the Settlement Notice.

1.25    "Settlement Payment(s)" or "Settlement Amount(s)" mean the monetary amount each Class Member will receive as set forth in **Exhibit B**.

1.26    "Settlement Check" means the check issued to each Class Member for his or her Settlement Amount.

1.27    "Settlement Notice" means the document entitled Notice of Settlement, to be approved by the Court in a form substantially similar to **Exhibit D** attached hereto.

2.      Defendants expressly deny any liability or wrongdoing of any kind associated with the claims in the Litigation and Plaintiff's Amended Complaint. Defendants submit that they have complied with applicable laws at all times. By entering into the Settlement Agreement, Defendants do not admit any liability or wrongdoing and expressly deny the same; it is expressly understood and agreed that the Settlement Agreement is being entered into by Defendants solely for the purpose of avoiding the costs and disruption of ongoing litigation and to settle all outstanding claims. Nothing in the Settlement Agreement, the various settlement proposals previously exchanged by the Parties, or any motions filed or Orders entered pursuant to the Settlement Agreement are to be construed or deemed as an admission by Defendants of any liability, culpability, responsibility, negligence, or wrongdoing, and the Settlement Agreement, each of its provisions, its execution, and its implementation, including any motions filed or Orders entered, shall not in any respect be construed as, offered, or deemed admissible in any arbitration or legal proceedings for any purpose except in an action or proceeding to approve, interpret, or enforce the Settlement Agreement. Furthermore, neither the Settlement Agreement, any motions filed, settlement proposals exchanged by the Parties or Orders entered pursuant to the Settlement Agreement, nor any class certification pursuant to the Settlement Agreement shall constitute an admission, finding, or evidence that any requirement for class certification has been satisfied in the Litigation or any other action, except for the limited settlement purposes pursuant to the terms of the Settlement Agreement.

3.      The Parties agree to cooperate and take all steps necessary and appropriate to obtain preliminary and final approval of the terms of the Settlement Agreement, to effectuate all aspects of this Settlement Agreement, and to dismiss the Litigation with prejudice upon final approval, subject to continued retention of jurisdiction of this matter by the Court for the purpose of enforcement and interpretation of this Settlement Agreement.

4.      The Parties agree that Defendants shall apply for preliminary Court approval of the settlement on or before August 30**, 2021**.  If the Parties are unable to complete the preparation of the pleadings necessary for a motion for preliminary approval of the class action settlement by that date, they will use their best efforts to prepare and file the pleadings as soon as practical thereafter.

5.      The Parties agree that the Honorable Judge Kevin McNulty shall have full authority and jurisdiction to preside over the settlement approval process, including but not

limited to all aspects of, and motions (including any objections) related to, the preliminary and final settlement approval process and enforcement and interpretation of the settlement.

6. **Approval of Settlement Class.** The Settlement provided for in this Agreement shall not become final and no provisions hereunder binding on the Parties unless and until each of the following conditions has been satisfied:

6.1 Settlement Class Certification. The Parties agree and stipulate that pursuant to this Court's approval of this Settlement Agreement, the Settlement Class as defined in Section 1.23 shall be certified both as a collective pursuant to the Fair Labor Standards Act, as well as a class pursuant to Federal Rule of Civil Procedure 23. Accordingly, this Agreement shall apply to all the Rule 23 Class Members who do not affirmatively opt-out of this matter and the FLSA collective members who have opted into this matter, provided however that if a FLSA Collective Member is also a Class Member, they will be included in the Settlement Class for all purposes unless they affirmatively opt out.

6.2 Service Award. Class Counsel will apply to the Court for Plaintiff Patricia Thompson to receive a Service Award in the amount of $15,000.00 from the Gross Liability Settlement Sum for services rendered to the Settlement Class, which application will not be opposed by Defendants.

6.3 Notice and Court Approval. The Parties agree jointly to recommend to the Court that it approve the terms of this Agreement and the Settlement contemplated hereunder. All Parties agree to undertake their best efforts to facilitate and assist in the expeditious approval of this Settlement Agreement.

6.4 Preliminary Approval of Settlement and of Notice. By August 30**, 2021**, as specified in paragraph 4, Defendants  will file with Plaintiff's consent a motion with the Court for entry of a preliminarily order approving the Settlement embodied in this Agreement, directing the time, manner and content of the Settlement Notice to the Settlement Class with respect to this Settlement in substantially the form attached hereto as **Exhibit D**.

6.5 The Fairness Hearing. On the date set by the Court, the Parties shall participate in the hearing at which the Court will determine: whether the Settlement Notice is appropriate, whether the proposed Settlement of the Litigation is fair, reasonable and adequate and should be approved by the Court; whether a judgment should be entered herein; whether the distribution of the Settlement Amounts as provided in this Agreement should be approved; and whether the amount of legal fees, costs and expenses agreed upon herein should be approved (the "Fairness Hearing"). The Parties will use their best efforts to finalize the Settlement and obtain a final order in accordance with the terms set forth herein.

6.6 Motion for Order of Final Approval of Class Action Settlement. Defendants shall file with Plaintiff's consent a motion for issuance of an Order of Final Approval of Class Action Settlement in this Litigation ("Final Settlement Order") in time for such motion to be considered by the Court at the Fairness Hearing. The motion shall seek an order approving the Settlement consistent with the terms embodied in this Agreement and entering a judgment dismissing the Litigation with prejudice subject to continued retention of jurisdiction of this matter

by the Court for purpose of enforcement and interpretation of this Settlement Agreement.

7. **Settlement Payment, Attorneys Fees, and Costs**

7.1     In consideration for Plaintiff's promises under this Agreement and complying with its terms, Defendants agree they will, within seven (7) days of the Court's entry of an Order of Final Approval of Class Action Settlement, wire to the Settlement Administrator the Settlement Sum for Distribution, which shall be equal to the total amount of Settlement Payments payable to Class Members that submit a Claim. The Settlement Administrator shall deposit said funds into a QSF within three (3) days of receipt, and shall make the following payments from the QSF within ten (10) days from the deposit:

7.2     Each Class Member who has submitted a Claim will receive their Settlement Payment from the Gross Liability Settlement Amount in accordance with the calculations set forth in **Exhibit B**.

7.3     Defendants will pay separately and entirely for the costs of settlement administration (the "Administrative Fees").

7.4     In addition, Defendants will wire to the Law Offices of Mitchell Schley, LLC the Gross Legal Fees, Costs and Expenses Settlement Sum within five (5) days of the entry of an Order of Final Approval of Class Action Settlement. The Law Offices of Mitchell Schley, LLC shall provide Defendants with wire instructions upon receipt of the Order of Final Approval of Class Action Settlement.

8. **Notice and Disbursement of Settlement**.

8.1     No later than five (5) calendar days after entry of the Preliminary Approval Order by the Court Defendants, will forward to the Settlement Administrator, with a copy to Class Counsel, the addresses, telephone number, and email address and social security number of each Class Members ("Notice List").

8.2     <u>Mail and Email Notice.</u>  No later than fourteen (14) calendar days after entry of the Preliminary Approval Order by the Court, or a later date approved by the Court, the Settlement Administrator shall send the Settlement Notice to all Class Members by email **and** by First Class U.S. mail, postage prepaid to the Class Member's most current mailing address. **The mailed notice shall include a self-addressed stamped envelope in which the Class Member can return the Class Member Claim Form to the Settlement Administrator.** It shall be presumed that if an envelope is not returned as undelivered or undeliverable, the Class Member received the Notice. If a Settlement Notice is returned undeliverable, no later than five (5) Business Days thereafter, the Settlement Administrator will do the following: (1) if the Settlement Notice was returned with a forwarding address provided by the U.S. Postal Service, the Settlement Administrator will resend the Settlement Notice to that forwarding address; or (3) if none was provided, the Settlement Administrator will utilize customary methods to perform a "skip trace" search, and if the Settlement Administrator obtains a different address from the skip trace, it will resend the Settlement Notice to that address. The Settlement Administrator will inform the parties what efforts it has made to locate the class member and the results. In addition, the Settlement

Administrator will send Settlement Notice to Class Members via email using the Class Member's last known personal email address on record with Defendants, or as provided to the Administrator by Plaintiff's Counsel. Class Members will be given ninety (90) days to return the Claim to the Settlement Administrator.

   8.3 Prior to mailing the Notices of Proposed settlement of Class Action Lawsuit and Fairness Hearing ("Settlement Notice"), the Settlement Administrator will update the addresses for those on the Notice List using the National Change of Address database and other available resources deemed suitable by the Settlement Administrator.

   8.4. Postcard and Email Reminder. After forty-five (45) days from the initial emailing and mailing of the Settlement Notices, the Settlement Administrator will send a Reminder Notice by a First Class U.S. Mail, postage prepaid, postcard **and** by email in the form attached as **Exhibit E** to any Class Member who has not at that point submitted a Claim.

   8.5 Objections to Settlement.

   (A) Class Members who wish to present objections to the proposed settlement at the Fairness Hearing must first do so in writing.  To be considered, such statement must be filed with the Court and served upon all counsel of record by no later than forty-five (45) days after the emailing and mailing of the Settlement Notice or fifteen (15) days after the emailing and mailing of the Reminder Notice set forth in paragraph 8.4, which applies notwithstanding any argument regarding non-receipt of the Settlement Notice or Reminder Notice.  Anyone who fails to file and serve timely written objections in this manner shall be deemed to have waived any objections and shall be foreclosed from making any objection to the Settlement and from filing any appeal from any final approval order issued by the Court.

   (B) An objector who has filed and served a timely written objection in accordance with Section 8.5(A) also has the right to appear at the Fairness Hearing either in person or through counsel hired by the objector.  An objector who wishes to appear at the Fairness Hearing must state his or her intention to do so at the time he/she submits his/her written objections.  An objector may withdraw his/her objections at any time.  No objector may appear at the Fairness Hearing unless he/she has filed a timely objection that complies with the procedures provided in Section 8.5(A).

   (C) The Parties may file with the Court written responses to any filed objections at or prior to the Fairness Hearing

   8.6 <u>Settlement Administrator Reporting</u>.  After issuing the Settlement Notice, the Settlement Administrator shall provide periodic reports at least every fourteen (14) days to counsel for the Parties with respect to the names of individuals who submitted a Claim, objection and/or exclusion.  Within ten (10) calendar days of the close of the Claims Deadline, the Settlement Administrator shall prepare a final list of all Class Members who made a Claim, objection and/or

exclusion and provide such information and documents to Class Counsel and Defendants' Counsel. The Settlement Administrator will update and supplement this information as necessary.

8.7     <u>Settlement Payments</u>.  Within thirteen (13) days of receipt of the wire transfer from Defendants set forth in paragraph 8.1, the Settlement Administrator shall send the Settlement Payments to all Class Members who submit a Claim in accordance with the breakdown set forth in **Exhibit B**. Settlement checks shall be sent by First Class U.S. mail, postage prepaid to the mailing address used for successful delivery of the Settlement Notice. At the same time, the Service Award will be mailed in the same manner to Plaintiff. Settlement Checks shall remain valid and negotiable for 90 days from the date of their issuance. Thereafter, the amount of any uncashed settlement checks shall be returned to Defendants by the Settlement Administrator.

9.     **Tax Treatment**

9.1     For tax purposes, the Settlement Amount distributed to each Class Member will be treated as non-wage compensation and reported to the IRS pursuant to an IRS Form 1099, . Half of this Settlement Amount will constitute and be considered liquidated damagesThe Class Member will be responsible for their federal and state income taxes, if any, arising out of the Settlement Payments and it shall be up to each Class Member to determine the proper manner of tax treatment with a tax professional of their choosing. In addition, the Service Award payment to Plaintiff pursuant to Section 6.2 and as determined by the Court, will also be treated as non-wage compensation and will be paid to Plaintiff in a separate check from her settlement amount. Within Twenty (20) days after all Settlement Payments have been made under this Agreement, the Settlement Administrator will distribute IRS Form 1099s to all Class Members in accordance with the payments actually made to and received by them.

9.2     Within 20 days following the Effective Date, Class Counsel shall provide the Settlement Administrator with a duly completed IRS Form W-9. Payments of attorneys' fees, expenses and costs pursuant to Section 7.4 shall be reported by the Settlement Administrator on the applicable IRS Form 1099 as required by the Code and shall be made without withholding.

10.     **No Consideration Absent Execution of this Agreement**.  Plaintiff understands and agrees that the Gross Liability Settlement Sum would not be paid except for their execution of this Agreement and the fulfillment of the promises contained herein.  Defendants understand and agrees that Plaintiff would not agree to the dismissal of the Litigation except for Defendants' payment of the Gross Liability Settlement Sum and the Gross Legal Fees, Costs and Expenses Settlement Sum.

11.     **Dismissal of the Litigation**.  Upon final approval of this Settlement by the Court, all claims against Defendants shall be dismissed with prejudice by the Settlement Class. The Court will retain jurisdiction for the purpose of enforcing and interpreting the Agreement.

12.     **Release of Claims**.

12.1     All Settlement Checks shall contain, on the back of the check, the following endorsement:

"By cashing and/or depositing this check, I consent to join the Fair Labor Standards Act Collective Action and do not opt out of the Rule 23 Class Action and release all claims as described in the Settlement Agreement and in the Notice of Settlement in this lawsuit."

12.2     Release.  Upon the Effective Date of the Settlement Agreement, and except as to such rights or claims as may be created by the Settlement Agreement, all Class Members of the Settlement Class fully release and discharge Defendants and all past, present and future direct and indirect parents, affiliates, subsidiaries, divisions, predecessors, successors, partners, joint venturers, affiliated organizations, shareholders, assigns, and each of its past, present, and future officers, directors, members, trustees, agents, employees, attorneys, contractors, representatives, benefits plan sponsored or administered by Defendants, divisions, units, branches, and any other persons or entities acting on their behalf, from any and all claims, debts, liabilities, demands, obligations, penalties, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action for minimum wage and/or overtime payments that are alleged in this Litigation or that arise from the same transaction or occurrence or series of transactions or occurrences alleged in the Amended Complaint, including violations of the Fair Labor Standards Act ("FLSA") and/or the New Jersey Wage and Hour Law ("NJWHL") for alleged misclassification, alleged improper calculation of regular rate of pay, and alleged improper payment of overtime for all hours worked over 40 in a workweek; any and all other claims under the FLSA and/or NJWHL; and Plaintiffs' prayers for relief in the Amended Complaint corresponding to the foregoing claims. This release shall include Defendants and their past, present, and future direct and indirect parents, affiliates, subsidiaries, divisions, predecessors, successors, partners, joint venturers, affiliated organizations, shareholders, assigns, and each of its past, present and future officers, directors, members, trustees, agents, employees, attorneys, contractors, representatives, benefits plans sponsored or administered by Defendants, divisions, units, branches and any other persons or entities acting on their behalf.

12.3     Agreement Not to Sue. Except as to such rights or claims as may be created by the Settlement Agreement, and the fullest extent permitted by law, all members of the Settlement Class hereby agree not to sue Defendants for any claims covered by the Release in Section 12.2. If any member sues in violation of Section 12 of this Agreement, he or she will be liable for any attorneys' fees and costs expended by Defendants in defending against such a lawsuit.

13.     **Termination of this Agreement**. In the event this Agreement is not approved by the Court, is reversed on any appeal, or is terminated by any Party as allowed herein, this Agreement shall become null and void and have no further force and effect whatsoever, and the Parties shall be restored without prejudice to their respective positions as if the Agreement and application for its approval had not been made.  If the Court does not approve any material condition of this Settlement Agreement that effects a fundamental change to the terms of this settlement hereunder, the entire Settlement Agreement will be voidable and unenforceable. A material condition of this Settlement Agreement shall include Defendants having to pay no more than the Gross Liability Settlement sum of Five Hundred Thousand Dollars and Zero Cents ($500,000.00) and the Gross Legal Fees, Costs and Expenses Settlement Sum of Four Hundred Thousand Fifty Dollars and Zero Cents ($450,000.00) or Class Counsel being

awarded less than $450,000 for legal fees, costs and expenses.  If the Court refuses to approve the Settlement, or if the Court's order approving the Settlement is reversed on appeal, this Agreement and any negotiations, statements, communications or proceedings relating thereto, and the fact that the Parties agreed to the Settlement, shall be without prejudice and shall not be construed as an admission or concession by any Party of any fact, matter or allegation. The Parties further agree to jointly move the Court to vacate all orders issued pursuant to the Settlement in the event the Agreement is not approved by the Court or is reversed on any appeal.

14.  **Mutual Full Cooperation.**  The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, execution of such documents and as may reasonably be necessary to implement the terms of this Settlement Agreement.  The Parties to this Settlement Agreement shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement Agreement. As soon as practicable after execution of this Settlement Agreement, Class Counsel shall, with the assistance and cooperation of Defendants and their counsel, take all necessary steps to secure the Court's final approval of this Settlement Agreement.

15.  **No Prior Assignments.**

15.1  Plaintiff and Class Counsel represent and warrant that they have not assigned, transferred, conveyed, or otherwise disposed of, or purported to assign, transfer, convey, or otherwise dispose of, any claims released herein. Class Counsel further represent and warrant that they are not aware of any liens or claims against any of the amounts being paid by Defendants as provided in this Agreement.

15.2  Plaintiff and Class Counsel warrant and represent that they have asserted no claim in the Litigation except those that they own, that they can provide complete resolution of the claims released herein.

15.3  Effect of Settlement Payments on Benefits Under ERISA Plans. The Parties expressly agree that any Settlement Checks issued as required by this Agreement are intended as full satisfaction for all claims released herein and that for purposes of any employee benefit plan no portion of such amounts shall be considered "back pay" or otherwise be taken into account in determining a Class Member's hours, compensation or other benefits and rights under the Employee Retirement Income Security Act of 1974 (as amended) ("ERISA") or the terms of any employee benefit plan subject to ERISA's requirements.

16.  **Governing Law and Interpretation**.

16.1  The Parties agree that the terms and conditions of this Settlement Agreement are the result of intensive, arms-length negotiations between the Parties and that this Settlement Agreement shall not be construed in favor of or against any of the Parties by reason of their participation in the drafting of this Settlement Agreement.

16.2  This Agreement shall be governed and conformed in accordance with the laws of the State of New Jersey without regard to its conflict of laws provisions.  The Parties agree

that the Court shall be the exclusive jurisdiction to resolve any disputes under this Agreement.  In the event of a breach of any provision of this Agreement, either Party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. The Parties agree that, in the event a Party institutes an action in accordance with this Section and prevails in said action, the non-prevailing Party(ies) involved in that action will pay all reasonable attorneys' fees and costs incurred by the prevailing Party(ies) as a result of said action.  Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and should such provision be unable to be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

17.    **No Admission of Liability**.  Nothing contained herein, nor the consummation of this Settlement Agreement, is to be construed as or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendants. Each of the Parties has entered into this Settlement Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience, risk and expense. This Settlement Agreement is a settlement document and shall be inadmissible in evidence in any proceeding. The preceding sentence shall not apply to an action or proceeding to approve, interpret, or enforce this Settlement Agreement.

18.    **Publicity and Media and Confidentiality Obligations.**  Plaintiffs and Class Counsel agree that they will not issue a press release relative to settlement of the Litigation. Defendants' Counsel and Class Counsel further agree that they shall not make any defamatory or disparaging statements about any other Party or Attorney relating to the Litigation or settlement thereof to the media or third parties, and shall only make statements consistent with the filings made with the Court and Notice issued to the Class.

19.    **Return and Disposition of Documents.**  The Parties agree that they will continue to maintain the confidentiality of any documents marked as such in the Litigation. Any disputes related to the interpretation of the terms of this Settlement Agreement that arise prior to entry of Final Judgment shall be referred to the Court and limiting the use of information to the case in which it was produced.

20.    **Amendment**.  This Agreement may not be modified, altered, or changed as to any particular party except upon express written consent of each affected Party wherein specific reference is made to this Agreement.

21.    **Entire Agreement**.  This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. The Parties acknowledge they have not relied upon any representations, promises, or agreements of any kind not specifically contained in this Agreement.

22.    **Binding on Assigns.**  This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

23.    **Notices.**  Unless otherwise specifically provided, all notices, demands or other

communications in connection with this Settlement Agreement shall be: (1) in writing; (2) deemed given on the third business day after mailing; and (3) sent by United States registered or certified mail, return receipt requested, and email addressed as follows:

> To Plaintiff:
> Mitchell Schley, Esq.
> Law Offices of Mitchell Schley, LLC
> 197 Route 18 South
> South Tower - Suite 3000
> East Brunswick, NJ 08816
> mschley@schleylaw.com

> To Defendants:
> Ari Karen, Esq.
> Offit Kurman, P.A.
> 300 E. Lombard Street, Suite #2010
> Baltimore, MD 21202
> akaren@offitkurman.com

> Katharine Batista, Esq.
> Offit Kurman, P.A.
> 1801 Market Street, Suite 2300
> Philadelphia, PA 19103
> kbatista@offitkurman.com

24. **Counterpart Signatures**.  The Parties hereby acknowledge that this Agreement may be executed in counterpart originals with like effect as if executed in single document.  This Agreement is effective as to each Plaintiff when that Plaintiff and Defendants have executed the Agreement. An electronic signature is acceptable and binding and shall be construed as if an original signature.

25. **Joint Participation and Negotiation of Agreement**.  The Parties have had the advice of legal counsel and the opportunity to review, comment upon, and negotiate this Agreement.  Accordingly, it is agreed that no rule of construction shall apply against any Party or in favor of any Party.  This Agreement shall be construed in light of the fact that the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one Party and in favor of the other.  The signatories represent that they are fully authorized to enter into this Settlement Agreement and bind the Parties to its terms and conditions.

26. The Parties acknowledge that the subject of Class Counsel's legal fees was not discussed during the mediation and settlement negotiations until after an agreement was reached on the total sum to be paid to the Class Members.

27. The Parties acknowledge that the individuals set forth in Exhibit F, attached hereto, have filed consent forms with the Court and are current FLSA opt-ins.

28.     Should either Party need to bring an action to enforce this agreement, the other Party will jointly and severally be liable for the costs, including reasonable attorneys' fees, incurred by the Party in enforcing the Agreement.

The Parties knowingly and voluntarily sign this Settlement Agreement and General Release as follows:

Plaintiff


_____

 Patricia Thompson


_____

Date: _____


Real Estate Mortgage Network, Inc.


By: _____

Its: _____

Date: _____


Security Atlantic Mortgage Company, Inc.


By: _____

Its: _____

Date: _____

Homebridge Financial Services, Inc.


By: _____

Its: _____

Date: _____

Individual Defendant

_____
Noel Chapman

Date: _____

Individual Defendant

_____
Samuel Lamparello

Date: _____

4840-8220-0305, v. 1

# EXHIBIT A

## CLASS MEMBER CLAIM FORM

*Patricia Thompson et al. v. Real Estate Mortgage Network, Inc., et al.*
**United States District Court for the District of New Jersey**

**Re:     Patricia Thompson Class Action Settlement          Deadline to Respond: [*Insert Date]***

You are a Class Member in the above captioned lawsuit. You acknowledge that by submitting this Claim Form you are opting into this matter as a Plaintiff in the Fair Labor Standards Act Collective Action and as a Plaintiff in the Rule 23 Class Action. Further, by submitting this Claim Form you are hereby submitting a claim to receive a settlement check in the pre-tax amount of no less than the amount of [***Insert Individual Amount***]. **You will not receive this amount unless you submit this form.**

In addition, by submitting this form, you release all claims in the Lawsuit against Real Estate Mortgage Network, Inc., now Homebridge, Security Atlantic Mortgage Company, Inc., Noel Chapman and Samuel Lamparello, including your FLSA and state law wage and hour claims and will be bound by the terms of settlement as to those claims, and relinquish your right to sue Homebridge for these claims. If you do not cash your settlement payments within 90 days after the checks are issued, you will still give up your right to sue Homebridge but will not receive payment for the same. Similarly, if you do nothing, you will release your claims against the Defendants.

You must sign your name and complete the information below, and submit this form to the Settlement Administrator in this matter via email, fax or first class mail in the self-addressed stamped envelope, as follows:

**Optime Administration, LLC**
P.O. Box 3206
Brockton, Massachusetts 02304
**Email: info@optimeadmin.com**
**Fax: (781) 287-0381**
Phone: (844) 625-7313
Class Member

_____

 [***Insert Name***]

Address Where Check Should Be Sent:

_____

_____

Date: _____

4819-0609-9447, v. 1

# EXHIBIT B

**Class Member Individual Settlement Amount Matrix**
**Thompson v. Real Estate Mortgage Network, et al.**

| Class Member Name | Position | Start Date | Separation Date | Total Raw Damages Amount* | Percentage of All Class Damages | Class Member Settlement Sum excluding Service Award |
|---|---|---|---|---|---|---|
| Alsdorf, Karin | Underwriter | 11/1/2010 | 3/1/2011 | $2,650.69 | 0.44% | $2,117.84 |
| Alston, Timothy | Underwriter | 7/26/2010 | 6/15/2012 | $2,460.64 | 0.41% | $1,966.00 |
| Angelo, Doreen | Underwriter | 5/24/2010 | 8/11/2010 | $1,759.17 | 0.29% | $1,405.53 |
| Balog, Audrey | Production Underwriter | 5/20/2009 | 10/15/2014 | $20,441.34 | 3.37% | $16,335.15 |
| Bett, Scott | Underwriter | 3/31/2009 | 9/28/2009 | $3,178.19 | 0.52% | $2,539.30 |
| Beyer, Matthew | Underwriter | 8/30/2010 | 12/30/2010 | $2,427.17 | 0.40% | $1,939.25 |
| Buist, Eileen | Junior Underwriter | 10/15/2009 | 10/12/2010 | $5,993.39 | 0.99% | $4,788.58 |
| Byrne, Thomas | Underwriter | 2/25/2008 | 7/16/2010 | $5,960.13 | 0.98% | $4,762.00 |
| Carline, Randi A | Underwriter | 7/15/2002 | 10/15/2014 | $22,621.33 | 3.73% | $18,073.91 |
| Caulfield, John | Underwriter | 1/2/2008 | 10/15/2014 | $5,674.06 | 0.93% | $4,533.44 |
| Charpentier, Joanna | Underwriting Manager | 9/13/2010 | 10/15/2014 | $4,448.49 | 0.73% | $3,554.24 |
| Cordi, Maryanne | Underwriter | 11/12/2007 | 10/15/2014 | $20,754.94 | 3.42% | $16,582.71 |
| Cruz, Yesenia | Underwriter | 7/24/2008 | 8/20/2013 | $15,121.08 | 2.49% | $12,081.39 |
| DeMatteo, Andrea | Underwriter | 8/3/2009 | 10/15/2014 | $11,170.36 | 1.84% | $8,924.85 |
| Driscoll, Staci | Underwriter | 9/13/2010 | 1/11/2011 | $281.09 | 0.05% | $224.58 |
| Elmonairy, Hebba | Underwriter | 6/22/2009 | 11/28/2011 | $13,773.85 | 2.27% | $11,004.98 |
| Fairchild, Stephen | Underwriter | 9/20/2010 | 12/3/2010 | $1,582.17 | 0.26% | $1,264.12 |
| Forder, Carrie | Underwriting Team Leader | 1/24/2011 | 10/15/2014 | $1,043.59 | 0.17% | $833.80 |
| Galida, Wendy | QC Underwriter | 10/15/2007 | 12/31/2009 | $5,022.66 | 0.83% | $4,012.99 |
| Gallagher, Pamela | Underwriter | 11/26/2007 | | $17,274.32 | 2.85% | $13,801.77 |
| Garces, Kelly | Junior Underwriter | 11/17/2010 | 1/13/2011 | $1,019.60 | 0.17% | $814.64 |
| Gonzalez Jr., German | Junior Underwriter | 2/20/2008 | 10/15/2014 | $17,274.32 | 2.85% | $13,801.77 |
| Gonzalez, Gina | Underwriter | 7/19/2010 | 12/13/2011 | $2,253.78 | 0.37% | $1,800.72 |
| Hofmeister, Karen | Underwriter | 12/31/2009 | 3/8/2010 | $816.67 | 0.13% | $652.50 |
| Ignace, Glenn | Underwriter | 12/9/2007 | 10/7/2013 | $11,968.94 | 1.97% | $9,562.90 |
| Irvine, Patty | Underwriter | 6/21/2006 | 12/31/2009 | $6,442.06 | 1.06% | $5,147.05 |
| Kaplan, Jonelle | Underwriter | 6/11/2009 | 8/11/2009 | $942.31 | 0.16% | $752.88 |
| Lavelle, Kathy | Underwriter | 5/16/2001 | 10/15/2014 | $19,220.21 | 3.17% | $15,356.49 |
| Leyman, Carrie M. | Underwriter | 4/28/2008 | 10/15/2014 | $22,590.33 | 3.72% | $18,049.14 |
| Lis, Lisa J | Underwriter | 10/29/2007 | 10/15/2014 | $15,107.19 | 2.49% | $12,070.29 |
| Luzzi, Diane | Underwriting Team Leader | 6/16/2010 | 10/15/2014 | $9,154.77 | 1.51% | $7,314.45 |
| MacGregor, Lisa | Underwriter | 2/4/2008 | 9/10/2009 | $1,292.42 | 0.21% | $1,032.61 |
| Martinez, Ramon | Underwriter | 10/15/2009 | 10/15/2014 | $10,437.97 | 1.72% | $8,339.69 |

| Matthews, Cheryl | Underwriter | 4/20/2009 | 7/24/2009 | $2,659.09 | 0.44% | $2,124.55 |
|---|---|---|---|---|---|---|
| Mc Court, Kevin J | Underwriter | 8/30/2004 | 6/27/2012 | $23,486.73 | 3.87% | $18,765.34 |
| McCarthy, William | Underwriter for Underwriting Helpdesk | 2/7/2011 | 6/6/2014 | $1,413.46 | 0.23% | $1,129.32 |
| Meador, Lisa | Underwriter | 6/18/2009 | 07/17/2009 | $500.00 | 0.08% | $399.49 |
| Mellage, Jill | Underwriter | 5/5/2008 | 10/15/2014 | $11,214.34 | 1.85% | $8,959.99 |
| Morales, Jessica | Underwriting Assistant | 4/23/2008 | 10/5/2010 | $2,919.64 | 0.48% | $2,332.72 |
| Orlando, Adam | Underwriter | 3/3/2008 | 10/25/2011 | $16,863.50 | 2.78% | $13,473.54 |
| Pernell, Shinique | Underwriter for Underwriting Helpdesk | 11/22/2010 | 8/26/2013 | $2,736.79 | 0.45% | $2,186.63 |
| Potts, Nancy | Junior Underwriter | 11/8/2010 | 9/20/2011 | $2,897.46 | 0.48% | $2,315.00 |
| Ray, Runette | Underwriter | 2/14/2011 | 3/4/2011 | $622.81 | 0.10% | $497.61 |
| Rebustillos, Jacquelyn | Junior Underwriter | 3/21/2011 | 5/17/2011 | $259.61 | 0.04% | $207.42 |
| Rios, Brian | Floating Underwriter | 7/15/2008 | 8/20/2013 | $7,190.21 | 1.18% | $5,744.81 |
| Rios, Dailla (Dee) | Underwriter | 8/3/2009 | 12/18/2009 | $2,451.93 | 0.40% | $1,959.03 |
| Robinson, Jon | Underwriter | 10/5/2009 | 7/27/2011 | $9,080.53 | 1.50% | $7,255.13 |
| Salerno, John | Junior Underwriter | 6/1/2010 | 1/13/2011 | $5,052.53 | 0.83% | $4,036.85 |
| Santos, Shalonda | Underwriter | 4/16/2003 | 4/8/2013 | $17,005.98 | 2.80% | $13,587.38 |
| Sentman, James | Underwriter | 5/21/2009 | 10/12/2010 | $7,256.34 | 1.20% | $5,797.64 |
| | | | | | | |
| Smutko, Robert | QC Underwriter | 5/2/2007 | 12/31/2009 | $3,428.58 | 0.56% | $2,739.35 |
| Steffe, Suzanne | Underwriter | 9/26/2007 | 9/24/2010 | $6,982.86 | 1.15% | $5,579.14 |
| Swearer, Lee | Underwriter | 10/5/2009 | 4/16/2010 | $3,634.80 | 0.60% | $2,904.12 |
| Thompson, Patricia | Underwriter | 6/12/2009 | 8/5/2010 | $8,556.45 | 1.41% | $6,836.40 |
| Wilder, Stephanie | Underwriter | 3/1/2010 | 3/26/2010 | $789.77 | 0.13% | $631.01 |
| Williams, Raegan | Junior Underwriter | 6/22/2010 | 5/17/2011 | $4,683.69 | 0.77% | $3,742.16 |
| Wolfe, Steven | Underwriter | 6/22/2009 | 8/31/2009 | $1,125.00 | 0.19% | $898.85 |
| Wood, Jodie | Underwriter | 10/3/2007 | 12/31/2009 | $5,593.81 | 0.92% | $4,469.32 |
| Wyche, Helen | Underwriter | 9/24/2007 | 4/15/2010 | $8,798.50 | 1.45% | $7,029.79 |
| Zuber, Karla | Underwriter | 4/7/2008 | 7/9/2010 | $10,955.28 | 1.80% | $8,753.01 |
| | | | | | | |
| Andrade, Eduardo | Closer | 5/2/2013 | Active | $2,095.36 | 0.35% | $1,674.14 |
| Arraya, Yasmiin | Closer | 1/3/2008 | 12/27/2016 | $12,068.56 | 1.99% | $9,642.49 |
| Caldas, Deborah | Closer | 12/3/2012 | 1/27/2014 | $4,519.49 | 0.74% | $3,610.96 |
| Clementelli, Christie | Closer | 7/28/2005 | 2/27/2015 | $14,423.12 | 2.38% | $11,523.73 |
| Cornejo, Gianina | Closer | 9/11/2007 | Active | $14,834.69 | 2.44% | $11,852.57 |
| Dedopoulos, Maria | Closer | 7/15/2002 | Active | $12,762.15 | 2.10% | $10,196.66 |
| Donatiello, Kathy Ann | Closer | 3/25/2008 | 12/18/2015 | $4,708.47 | 0.78% | $3,761.95 |
| Egan, Katie | Closer | 12/28/2009 | Active | $15,735.32 | 2.59% | $12,572.15 |
| Faria, Corinne | Closer | 11/28/2011 | Active | $904.52 | 0.15% | $722.69 |
| | | | | | | |
| Fatima, Gulnaz | Closer | 1/14/2013 | 1/25/2013 | $153.85 | 0.03% | $122.92 |
| Goico, Dilia | Closer | 9/13/2010 | 4/19/2013 | $5,864.79 | 0.97% | $4,685.83 |
| Gonzalez, Jacqueline | Closer | 9/15/2008 | Active | $4,672.39 | 0.77% | $3,733.13 |
| Gottas, Maria | Closer | 10/29/2010 | 2/28/2011 | $5,169.99 | 0.85% | $4,130.70 |
| Johnson, Sarah A. | Closer | 5/6/2013 | Active | $2,140.01 | 0.35% | $1,709.82 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Lupi, Christopher | Closer | 11/7/2006 | Active | $11,757.12 | 1.94% | $9,393.66 |
| Monroy, John | Closer | 10/8/2008 | Active | $3,719.24 | 0.61% | $2,971.58 |
| Ramdas, Liana | Closer | 8/3/2011 | 1/31/2012 | $8,182.61 | 1.35% | $6,537.71 |
| Romano, Perla | Closer | 3/13/2012 | Active | $8,606.74 | 1.42% | $6,876.58 |
| Serrano, Magaly | Closer | 1/7/2008 | Active | $12,191.69 | 2.01% | $9,740.87 |
| | | | | | | |
| Bermudez, Susan | HUD Reviewer | 7/21/2008 | 5/17/2011 | $4,039.70 | 0.67% | $3,227.63 |
| Giannelli, David | HUD Reviewer | 8/2/2008 | 4/15/2010 | $2,582.44 | 0.43% | $2,063.31 |
| Jones, Jonell | HUD Reviewer | 11/5/2007 | 5/17/2011 | $5,575.52 | 0.92% | $4,454.71 |
| **TOTALS** | | | | $607,026.68 | 100.00% | $485,000.00 |

**\*Total Raw Damages Amount formula:**

1. Total compensation divided by hours worked = regular hourly rate
2. Regular hourly rate x .5 = hourly overtime premium
3. Hourly premium x 10 overtime hours per week = weekly overtime damages
4. Weekly overtime damages x number of weeks in employee's liability period = employee's total raw damages

**Underwriter Liability Period:** 03/16/2009 - 04/01/2011
**Closer/HUD Reviewer Liability Period:** 03/16/2009 - 04/01/2014

Total Settlement Sum inclduing $15,000 service award to Patricia Thompson is $500,000.

| | |
|---|---|
| Total Number of Underwriter Class Members: | 60 |
| Total Number of Closer/HUD Reviewer Class Members: | 22 |
| Total Combined Class Members: | 82 |

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

PATRICIA THOMPSON, on behalf of      )
herself and all other similarly situated      )
                                                            )
                            Plaintiffs,      )
                                                            )      Case No. 11-cv-01494
            vs.                                        )
                                                            )      Hon. Kevin McNulty
REAL ESTATE MORTGAGE          )
NETWORK, INC., et. al.,                   )
                                                            )
                            Defendants.      )
_____ )

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT, INCENTIVE**
**AWARDS, AND ATTORNEYS' FEES AND COSTS AND AUTHORIZING NOTICE**

The Court, having considered the parties' Joint Stipulation of Settlement and
Release ("Stipulation") and all other materials properly before the Court, and having conducted an
inquiry pursuant to Section 216(b) of the Fair Labor Standards Act of 1938 and Rule 23 of the
Federal Rules of Civil Procedure, hereby finds and orders as follows:

1.        Unless otherwise defined herein, all terms used in this Order (the "Order Granting
Preliminary Approval") will have the same meaning as defined in the Stipulation.

2.        The Court has jurisdiction over the subject matter of this action, the Defendants,
and the Plaintiffs which include the Underwriter Class and the Closer and HUD Reviewer
Class both of which comprise the Settlement Class as well as the FLSA Collective and The
Rule 23 Class.

3.        The Court finds on a preliminary basis that the settlement memorialized in the
Stipulation, filed with the Court, falls within the range of reasonableness and, therefore,
meets the requirements for preliminary approval such that notice to the class is appropriate.

4.      The Court finds that the Settlement was the product of protracted, arms-length negotiations between experienced counsel well-versed in the prosecution of wage and hour class and collective actions.

5.      The Court grants preliminary approval of the parties' Stipulation.

**Certification of Proposed Rule 23 and FLSA Classes For Settlement Purposes Only**

6.      Provisional settlement, class certification, and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring all class members are notified of the terms of the proposed Stipulation, and setting the date and time of the final approval hearing.

7.      Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court conditionally certifies, for settlement purposes only, (and for no other purpose and with no other effect upon this or any other action, including no effect upon this action should the Settlement not ultimately be approved), the following Rule 23 Classes; (a) the "Underwriter Settlement Class," defined as "All underwriters employed by Defendants in New Jersey at any point in time from March 16, 2009 through April 1, 2011"; and (b) the "Closer and HUD Reviewer Class," defined as "All closers and HUD reviewers employed by Defendants in New Jersey at any point in time from March 16, 2009 through April 1, 2014," except that any individual who timely submitted or submits a valid request for exclusion shall not be included in the Class.

8.      The Court appoints, for settlement purposes only, Named Plaintiff Patricia Thompson as Class Representative.

**Appointment of Plaintiffs' Counsel as Class Counsel**

9.      For settlement purposes only, Plaintiffs meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3) and for collective treatment under Rule 216 (b) of the FLSA.

**Notice**

10.      For settlement purposes only, the Court appoints the Law Offices of Mitchell Schley, LLC, and Abbey Spanier LLP,  as Class Counsel because they meet all of the requirements under Federal Rule of Civil Procedure 23(g).

11.      The Court approves Optime Administration LLC as the Claims Administrator to perform duties in accordance with Section 8 of the Stipulation.

12.      The Court finds that the procedures for notifying the Rule 23 Class and FLSA Collective about the Settlement as described in the Stipulation provide the best notice practicable under the circumstances and therefore meet the requirements of due process.

13.      The Court approves, as to form and content, the Notice of Settlement of the Class Action Lawsuit and Fairness Hearing attached to the Stipulation as Exhibit A.  The Claims Administrator is authorized to mail these documents, after they are updated with the appropriate dates and deadlines consistent with the Stipulation, to the applicable Rule 23 Class and FLSA Collective Members as provided in the Stipulation.  As set forth in Section 8 of the Stipulation, within five (5) calendar days of this Order, Defendant shall provide the Claims Administrator with the Notice List, as defined in the Stipulation, so that the Claims Administrator may perform its duties set forth in Section 8 of the Stipulation.  As set forth in Section 8 of the Stipulation, the Court orders the Claims Administrator to mail the Notices within fourteen (14) calendar days of its receipt of the Notice List.

14.     The Proposed Notice to Class Members satisfies Federal Rule of Civil Procedure 23(c)(2)(B) and adequately puts Class Members on notice of the proposed settlement.  The Proposed Notice is appropriate because it describes the terms of the settlement, informs the class about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing.

15.     Any Opt-Out Statement or written objection to the settlement by a Class Member who has not opted-out must be sent to the Claims Administrator no later than forty-five (45) days after the Class Notice is mailed to the Class Members.  The Claims Administrator will provide any such Opt-Out Statements or written objections to Class Counsel for filing with the motion for final approval of settlement.

**Class Action Settlement Procedure**

16.     The Court hereby adopts the settlement approval process as set forth in the Stipulation.  In accordance Paragraph 6.6 of the Stipulation, the Parties will submit a Motion for Judgment and Final Approval no later than seven (7) calendar days before the Fairness Hearing.

17.     In the event that the Effective Date as defined in Section 1.6  the Stipulation does not occur, the Settlement, the Stipulation, and this Order shall be deemed null and void and shall have no effect whatsoever, other than the provisions set forth in Sections 13, 17, and 18 of the Stipulation, which shall remain in effect.  In such case, nothing in the Stipulation or this Order shall be relied upon, cited as, constitute evidence of, or constitute an admission that class or collective action certification is or may be appropriate in this action or any other matter.

18.     Pending the Court's decision on final approval of the Settlement and entry of the Court's Final Order and Judgment, Plaintiffs, Class Representatives and all Class Members and anyone acting on behalf of any Class Member shall be barred and enjoined from:  (a) further litigation in this Litigation; (b) filing, or taking any action directly or indirectly, to commence, prosecute, pursue or participate on a class or collective action basis any other action, claim or proceeding against Defendant in any forum in which any of the claims subject to the Settlement are asserted, or which in any way would prevent any such claims from being extinguished; or (c) seeking, whether on a conditional basis or not, certification of a class or collective action that involves any such claims.

19.     The parties are ordered to carry out the Settlement according to the terms of the Stipulation.

20.     The Court will conduct a Fairness Hearing on _____, 2021 at _____ a.m./p.m. for the purposes of: (a) making a final determination of the fairness, adequacy, and reasonableness of the Settlement terms and procedures; (b) fixing the amount of attorneys' fees and litigation costs and expenses to Class Counsel and Service Awards to the Class Representatives; (c) hearing any timely and properly filed objections; and (d) entering Judgment.  The Fairness Hearing may be continued without further notice to Class Members.   The parties shall file their joint motion for final approval of the settlement, and Class Counsel shall file their motion for attorneys' fees, litigation costs and expenses, and service awards on or before seven days prior to the Fairness Hearing.

IT IS SO ORDERED.

DATED:        September __, 2021

_____
Honorable Kevin McNulty

4828-9172-3254, v. 1

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| PATRICIA THOMPSON, on behalf of herself and all other similarly situated | ) ) ) | |
| Plaintiffs, | ) ) ) | Case No. 11-cv-01494 |
| vs. | ) ) | Hon. Kevin McNulty |
| REAL ESTATE MORTGAGE NETWORK, INC., et. al., | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

---

**YOU ARE RECEIVING THIS NOTICE BECAUSE THE SETTLEMENT OF A CLASS ACTION LAWSUIT AGAINST REAL ESTATE MORTGAGE NETWORK INC., ET AL. AFFECTS YOUR RIGHTS. YOU ARE ENTITLED TO MONEY FROM THIS SETTLEMENT, BUT YOU MUST RETURN THE ENCLOSED CLAIM FORM TO RECEIVE IT.**

---

.     **A UNITED STATES FEDERAL COURT HAS AUTHORIZED THIS NOTICE.**

You are receiving this notice because you have been identified as someone eligible to receive money from a proposed settlement of a class and collective action lawsuit. You are a Class Member in the above captioned lawsuit which asserts claims that Real Estate Mortgage Network, Inc. now Homebridge Financial Services, Inc., Noel Chapman and Samuel Lamparello (together "Homebridge") along with Security Atlantic Mortgage Company (collectively "Defendants") violated state and federal wage and hour laws by, among other things, allegedly failing to pay underwriters, closers and HUD reviewers proper minimum wage and/or overtime pay.

This proposed settlement has received preliminary approval from the Court and will resolve claims of the parties who do not opt out of the settlement. Defendants' records indicate that you are a member of this Class.

Defendants adamantly deny the claims and allegations and deny that Plaintiff or that any of the Class Members are entitled to any relief. In addition, both Plaintiff and Defendants recognize the costs and risks of litigation, however, and believe that the proposed settlement is a fair and reasonable resolution. The settlement provides that Homebridge has agreed to pay up to $500,000.00 maximum to settle the alleged liability with the Class Members in this case (the "Class Settlement Fund")., including a $15,000 service award to the Named Plaintiff

1

You are a member of this Class because you worked for Defendants from March 16, 2009 to April 1, 2011 as an underwriter, or in a similar position, or from March 16, 2009 to April 1, 2014 as a closer or HUD reviewer, or in a similar position. This notice provides information on how to submit a claim and participate in the settlement, and your options in the event you do not want to be included in it.

As a member of the Class, in order to receive the money due, you must sign and return the enclosed Claim Form.

The Court has preliminarily approved the settlement. You will receive your share of the Settlement Fund through a settlement payment in the pre-tax amount of [$*TO BE INSERTED*] ("Settlement Payment"). As detailed below, you will receive that payment only after the Court grants final approval of the settlement.

 YOUR LEGAL RIGHTS ARE AFFECTED BY THIS SETTLEMENT, AND YOU HAVE A CHOICE TO MAKE NOW. THIS CHART SUMMARIZES YOUR RIGHTS AND OPTIONS. PLEASE REVIEW THE CHART AND THE FOLLOWING PAGES CAREFULLY.

**If you have any questions, you should call or email attorney Mitchell Schley, at no charge, who is a Class Counsel and represents the employees. His telephone number (732) 325-0318 and his email address is mschley@schleylaw.com**

| You May: | Effect of Choosing the Option: | Due Date: |
|---|---|---|
| Submit a Claim | You will receive a settlement check in the pre-tax amount of no less than the amount set forth above. You will release all claims in the Lawsuit or that could have been brought in this lawsuit including your FLSA and state law wage and hour claims and will be bound by the terms of settlement as to those claims. You will give up your right to sue Homebridge individually [MY1]for these claims. If you do not cash your settlement payments within 90 days after the checks are issued, you will still give up your right to sue Homebridge, but will not receive payment for the same. | The Claim must be sent to the Settlement Administrator in this matter via email, fax or mail postmarked no later than [DATE]. |

| | | |
|---|---|---|
| Exclude yourself by making a written exclusion request. | You can elect to exclude yourself from the settlement and retain your right to sue Homebridge for your federal FLSA and state law claims. To exclude yourself, you <u>must</u> submit written notice of your desire to be excluded. **If you exclude yourself, you will not receive a settlement check.** If you choose to exclude yourself, please note that there is a statute of limitations (i.e. a time limit) that applies to the claims in this lawsuit and your ability to pursue them individually. | The Exclusion Request must be sent to the Settlement Administrator via email, fax or mail postmarked no later than [DATE]. |
| Do Nothing | You will release all claims in the Lawsuit or that could have been brought in this lawsuit including your FLSA and state law wage and hour claims and will be bound by the terms of settlement as to those claims. You will give up your right to sue Homebridge for these claims. **You will not receive a settlement check.** | |
| File an Objection | If you do not exclude yourself, you can remain in the settlement and still write to the Court explaining why you disagree with the settlement. To object to the settlement, you <u>must</u> submit a written notice of your objection. If you file an objection, you must also submit a Claim Form in order to receive a settlement check. | The Objection must be sent to the Settlement Administrator via email, fax or mail postmarked no later than [DATE]. |
| Appear at the Fairness Hearing | If you do not exclude yourself, you can also ask to speak to the Court about the fairness of the settlement at a hearing. If you appear at the fairness hearing, you must also submit a Claim Form in order to receive a settlement check. | The hearing is scheduled on [DATE]. This date may change without further notice |

You must submit your Exclusion Request or Objection to:

Optime Administration, LLC
P.O. Box 3206
Brockton, Massachusetts 02304
Email: info@optimeadmin.com
Fax: (781) 287-0381
Phone: (844) 625-7313

| 1. | WHY DID I GET THIS NOTICE? |
|---|---|

The Court directed this Notice be sent to you because Homebridge's records show that you worked for Defendants from March 16, 2009 to April 1, 2011 as an underwriter, or in a similar position, or from March 16, 2009 to April 1, 2014 as a closer or HUD reviewer, or in a similar position. This proposed settlement will affect your legal rights. Therefore, it is important that you read this notice carefully.

| 2. | WHAT IS A CLASS/COLLECTIVE ACTION? |
|---|---|

In a class action lawsuit, one or more people called "Named Plaintiffs" or "Representative Plaintiffs" sue one or more defendants on behalf of other people who may have similar claims. All these people together are a "Class" or a "Collective" and called "Class Members." The Court can determine whether it will allow a lawsuit to proceed as a class or collective action. In a class or collective action, the Court resolves the common issues for everyone in the class except for those people who choose to exclude themselves from the class. Collective actions asserting wage and hour claims are brought under the Fair Labor Standards Act. Class Actions are brought under state law and common law. Here, both a class and a collective action were jointly brought for those Class Members under federal and New Jersey state law.  The Class is represented by Mitchell Schley of The Law Offices of Mitchell Schley, LLC and Judith Spanier of the law firm of Abbey Spanier, LLP ("Plaintiff's Counsel").

| 3. | WHAT IS THIS CASE ABOUT? |
|---|---|

The lawsuit generally involves claims that Defendants misclassified certain underwriters and thus failed to pay the required minimum wage and overtime pay and failed to properly pay certain closers and HUD reviewers all overtime owed.

Defendants deny all liability in the lawsuit and that any of Plaintiff's claims and allegations have merit. The Plaintiff and Plaintiff's Counsel believe that the Settlement is fair, adequate and reasonable, and that it is in the best interest of the Settlement Class.

| 4. | WHO IS INCLUDED? |
|---|---|

Judge Kevin McNulty of the United States District Court for the District of New Jersey granted preliminary approval of the Settlement and certified the following Settlement Class:

> All underwriters, or those with similar positions, who worked for Defendants in New Jersey from March 16, 2009 to April 1, 2011;

> All closers and HUD reviewers, or those with similar positions, who worked for Defendants in New Jersey from March 16, 2009 to April 1, 2014.

The Parties identified you as falling within these definitions, and for that reason you are receiving this notice of your settlement offer. The settlement also includes individuals who previously opted into the lawsuit as an Opt-in Plaintiff.

| 5. | WHAT ARE THE SETTLEMENT BENEFITS? |
|---|---|

Under the terms of the Settlement, Homebridge has agreed to pay a gross settlement amount of up to $500,000.00 (the "Settlement Fund") within Twenty (20) days of the final approval of the Settlement. In addition, Homebridge has agreed to pay $450,000.00 in legal fees, costs and expenses to Class Counsel with respect to the work done on behalf of the employees for over 11 years since this case was filed on March 16, 2011.

Each Class Member is entitled to receive a Settlement Payment as calculated below and prorated against the available Settlement Fund based on each Class Member's actual damages. Plaintiff's Counsel utilized Homebridge's business records to determine each Class Member's damages. Based on these calculations, your settlement share is [*TO BE INSERTED*].

Payments to Class Members will be reported on an IRS Form 1099. Each Class Member will be responsible for the payment of any personal income taxes owing on that amount.

| 6. | HOW DO I RECEIVE MY SETTLEMENT PAYMENT? |
|---|---|

You must submit a Claim Form to the Settlement Administrator, , contact information above, by [*DATE*]. Payment will be mailed to you within Twenty (20) days of the Court's final approval of this Settlement.  Thereafter you <u>MUST</u> cash or deposit the Settlement Payment within 90 days.

| 7. | WHAT HAPPENS IF I SUBMIT MY CLAIM FORM? |
|---|---|

If the Court approves the settlement, HOMEBRIDGE must deliver your payment to you within Twenty (20) days of the Court's order granting final approval.

By participating in this Settlement you are knowingly and voluntarily releasing Defendants and their officers, directors, employees, agents, insurers, successors, predecessors, affiliates, parents, subsidiaries, attorneys, and related entities from/for all claims, liabilities, demands, obligations, damages, actions, or causes of action that were or could have been asserted for unpaid minimum wages or overtime, as well as liquidated damages, costs, attorneys' fees and all other forms of legal or equitable relief available under the claims alleged in this case.  This Release will be final and binding upon final approval. You can talk to attorney Mitchell Schley whose contact information is listed above, without charge or you can talk to your own lawyer if you have questions about the claims in this case or what the release means.

| 8. | WHAT HAPPENS IF I DO NOTHING? |
|---|---|

If you do nothing, you will not receive a settlement payment. You will, however, release your right to the claims in this action, or similar claims that could have been included in this action,

against Defendants. You will be legally bound by the Court's judgment in this case. Unless you submit a timely valid request for exclusion, you will release and covenant not to sue Defendants for all claims identified above in Question 7.

| 9. | HOW DO I EXCLUDE MYSELF FROM THE CLASS? |
|---|---|

If you do not wish to participate in this lawsuit you may be excluded (i.e., "opt out") by sending a timely letter in writing that contains your name, address, telephone number and last 4 digits of your social security number, as well as your signature ("Request for Exclusion") to the Settlement Administrator. The Request for Exclusion must be signed, dated and emailed, faxed or mailed no later than [DATE]. Requests for Exclusion that do not include all required information and/or that are not timely submitted will be deemed ineffective.

Unless you properly submit a request for exclusion, you will be bound by any judgment in this case and you will not be permitted to pursue any pending or future litigation of those claims. Should you wish to exclude yourself from this settlement, it is important that you follow these instructions carefully.be advised that before excluding yourself, you should understand that the statute of limitations with respect to the issues being settled may have expired which would prevent you from now pursuing a case on your own.

| 10. | HOW DO I OBJECT TO THE SETTLEMENT? |
|---|---|

If you do not like the settlement, you may file an objection to it. This means you can tell the Court that you disagree with the settlement or some of its terms. The Court will consider your views but may approve the settlement anyway. However, you cannot object if you exclude yourself from the Settlement.  Only those participating in the Settlement may object, but if the Court overrules those objections in whole or part, you will be bound by the Settlement if it is approved.

You may also appear at the Court's Fairness Hearing to make an objection. A Class Member who fails to submit a written comment or objection in the manner described above and by the specified deadline and who does not appear at the Court's Fairness Hearing will be deemed to have waived any objections and will be foreclosed from making any comments on or objections to the Settlement (whether by appeal or otherwise).

Plaintiffs' Counsel will file all objections with the Court and provide all objections to Defendants' lawyers.

| 11. | DO I HAVE A LAWYER REPRESENTING MY INTERESTS IN THIS CASE? |
|---|---|

Yes. The Court appointed the attorneys identified in Question 2 above as Class Counsel. More information about Class Counsel and their experience is available at www.schleylaw.com.  You may hire your own attorney if you wish, but you will be responsible for any fees and expenses that your attorney charges you.

| 12. | HOW WILL THE LAWYERS BE PAID? |
|---|---|

Subject to Court approval, the Total Settlement Fund includes (l) a maximum of $500,000.00 to settle claims of behalf of Class Members, the Class Settlement Fund; and (2) attorneys' fees of $450,000.00 to be paid to Class Counsel. Attorneys' fees were calculated after and separately from the agreement on Class Member settlement. Your share of the Class Settlement fund was already calculated as set forth in the Introduction and will not be further reduced.

| 13. | WHAT HAPPENS IF I DO NOT CASH MY SETTLEMENT PAYMENT? |
|---|---|

If you do not cash the settlement check within 90 days, you will not be eligible to receive settlement payment but you will still be legally bound by the Court's judgment in this case for the claims in the lawsuit.

| 14. | WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? |
|---|---|

The Court will hold a Fairness Hearing to consider whether to grant final approval to the settlement on _____, 2021, at _____ a.m. in Courtroom PO-04 at the U.S. District Court for the District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07102. The hearing may be moved to a different date and/or time without additional notice. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and decide whether to grant final approval.  If there are objections, the Court will consider them. The Court will also decide how much from the Settlement Fund to award to Class Counsel in attorneys' fees and costs. We do not know how long these decisions will take. A Class Member may appear at the Fairness Hearing and orally present his or her objection to the Court.

| 15. | DO I HAVE TO ATTEND THE HEARING? |
|---|---|

No. Class Counsel will answer questions the Court may have, but you may appear at your own expense. If you send a written objection, the Court will consider it. You may also pay your own lawyer to attend the hearing if you desire.

| 16. | IF I HIRE MY OWN LAWYER CAN MY LAWYER APPEAR AT THE FAIRNESS HEARING TO TELL THE COURT ABOUT MY OPINIONS REGARDING THE SETTLEMENT? |
|---|---|

Yes.  You have the right to appear through counsel at the Fairness Hearing. You may also appear without a lawyer and directly tell the Court your opinions about the settlement so long as your written objection was timely submitted. Note that if you choose to have a lawyer appear on your behalf, the cost of having that lawyer appear will be at your own expense.

| 17. | IF I NOW WORK FOR A DEFENDANT IN THIS CASE CAN MY DECISION TO CLAIM A SETTLEMENT PAYMENT AFFECT MY JOB? |
|---|---|

No. The Court has determined that you are entitled to a Settlement Check. It is against the law for your employer to threaten or take action against you because you received a Settlement Check.

| 18. | WHERE DO I OBTAIN MORE INFORMATION? |
|---|---|

If you want additional information, you may call or write to Class Counsel whose contact information is as follows:

Mitchell Schley, Esq.
Law Offices of Mitchell Schley, LLC
197 Route 18 South
South Tower - Suite 3000
East Brunswick, NJ 08816
Tel: (732) 325-0318
Fax: (732) 325-0317
mschley@schleylaw.com
www.schleylaw.com

The specific terms of the settlement have also been filed with the Court. You can look at and copy these documents at any time through a Public Access to Court Electronic Records ("PACER") account, www.pacer.uscourts.gov.

4847-4456-8308, v. 1

# EXHIBIT E

## <u>REMINDER POSTCARD</u>

<u>*Patricia Thompson, et al. v. Real Estate Mortgage Network, Inc., et al.*</u>
<u>**United States District Court for the District of New Jersey**</u>

**Re:**   **Patricia Thompson Class Action Settlement**        **Deadline to Respond: [*Insert Date*]**

A Notice Packet was recently mailed and emailed to you concerning the Patricia Thompson Class Action Settlement. The packet contained a Notice of the Proposed Class Action Settlement and a **Claim Form**. Our records indicate that you have not submitted a Claim Form nor made a request for exclusion from the Settlement. To be eligible to receive a Settlement Payment you must submit a **signed Claim Form** to the Settlement Administrator, Optime Administration, LLC **by the above deadline**. If you do not submit a claim form or opt-out of the case, you will not receive any compensation but will still be bound by the Settlement.  You can submit a Claim Form in the following ways:

1. **Mail** it in the self-addressed stamped envelope you received in the initial packet or mail it to **Optime Administration, LLC**, P.O. Box 3206, Brockton, Massachusetts 02304.
2. **Email** it to info@optimeadmin.com.
3. **Fax** it to Optime at (781) 287-0381.

If you no longer have your Claim Form, you can obtain another copy by contacting Optime Administration, LLC utilizing the above contact information. You can also call them at (844) 625-7313. **If you do nothing, you will not be eligible to receive any money from the Settlement.**

If you believe that you have already submitted a Claim Form, please immediately call Optime Administration, LLC at (844) 625-7313 or email or fax them. If you have any questions, you may contact Class Counsel Attorney Mitchell Schley who represents the employees by telephone at (732)-325-0318 or by email at mschley@schleylaw.com.

# EXHIBIT F

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

PATRICIA THOMPSON, on behalf of          )
herself and all other similarly situated   )
                                           )
                    Plaintiffs,            )
                                           )        Case No. 11-cv-01494
          vs.                              )
                                           )        Hon. Kevin McNulty
REAL ESTATE MORTGAGE                       )
NETWORK, INC., et. al.,                    )
                                           )
                    Defendants.            )
_____   )

## <u>LIST OF OPT-IN PLAINTIFFS</u>

1. Yasmiin Arraya
2. Wendy Galida
3. Brandy Haines
4. Jonell Jones
5. Kevin McCourt
6. Margaret Pietryka
7. James Sentman

4822-2156-7729, v. 1